**STATE of Iowa, Appellee,**

v.

**Lavern Mardell HACKNEY, Appellant.**

**No. 85–1300.**

Supreme Court of Iowa.

Dec. 17, 1986.

---

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann DiDonato and Richard Bennett, Asst. Attys. Gen., John Criswell, Co. Atty., and Kevin Parker, Asst. Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

The defendant, Lavern Mardell Hackney, appeals from a judgment entered on a jury verdict convicting him of theft in the fourth degree in violation of Iowa Code sections 714.1(1) and 714.2(4) (1985). Hackney was convicted of the theft of sixty rings of bologna with an estimated value of $83.40. He claims the trial court abused its discretion in permitting the State to impeach him under Iowa Rule of Evidence 609(b) with a fifteen-year-old larceny conviction. The basis of his complaint is that the court did not expressly find on the record that the probative value of the conviction supported by specific facts and circumstances substantially outweighed its prejudicial effect. Because we find that the trial court committed reversible error in allowing the impeachment, we reverse and remand for new trial.

In May 1985 Hackney and his friend Thomas Dorsey went to a Fareway grocery store in Indianola. Hackney went to the meat counter and received from the butcher approximately twenty pounds of ground pork wrapped in five separate packages. The price of the pork was written on a meat ticket taped to one of the packages for the cashier at the checkout lane. Hackney was familiar with this purchasing procedure. He put the pork packages in Dorsey's cart, which also contained many pre-priced rings of bologna from the self-service meat cooler.

While Hackney waited in the checkout lane to pay for some other purchases, Dorsey started to wheel the cartload of meat out the door. A carryout person who saw Dorsey leaving looked toward the checkout lanes. Hackney made eye contact with the carryout person and waved the meat ticket as if to indicate that he was paying for the meat in Dorsey's cart. The carryout person assisted Dorsey in moving the cart to his car and putting the meat in the back seat.

The carryout person returned to the store and asked the cashier if Hackney, who was being checked out, had paid for the meat. According to the cashier, Hackney then produced a crumpled meat ticket concealed in his hand. The cashier rang up the meat ticket, which did not include the price of the bologna. Hackney paid the cashier $68.18 for his groceries.

Hackney testified that he did not conceal the meat ticket and denied that Dorsey was trying to take the cart out without being seen. He claimed that he gave the meat ticket to the cashier at the beginning of the checkout. He further testified that Dorsey was waiting for him in a closed checkout lane when the carryout person offered to wheel Dorsey's cart to the car.

After the defendant left the store, the cashier informed the store manager that Hackney may have taken some meat without paying for it. Both the store manager and the meat manager estimated that sixty rings of bologna were missing from the recently stocked self-service cooler. The carryout person estimated that "quite a few more than twenty" but less than a hundred rings of bologna were in the cart. The manager called the police, who attempted to contact Hackney.

The next day Dorsey went to Fareway and offered to pay the store manager for thirty rings of bologna that he claimed he mistakenly had taken without payment. Later that day, Hackney told the police he paid only for the meat on the ticket because he presumed Dorsey had paid for the bologna. Hackney also said they had only taken thirty rings of bologna. The men spent $200 on pizza supplies at another store the day they went to Fareway. The meat and other supplies were to be used at a restaurant owned by Dorsey.

Before trial, and pursuant to Iowa Rule of Evidence 609(b), the State gave notice to the defendant of its intent to impeach his

credibility with evidence of a fifteen-year-old conviction. In 1970 Hackney had been convicted of larceny of a cow or domestic animal in violation of Iowa Code section 709.8 (1966). He received a five-year suspended sentence for that conviction.

Prior to commencement of the trial, the parties argued the issue raised by the State's notice and the defendant's resistance. The trial court overruled the resistance and allowed the State to impeach the defendant with evidence of the conviction.

Following the jury verdict in this case, Hackney's motion for new trial was overruled. Iowa R.Crim.P. 23(1) and (2). This appeal followed.

### I. *Findings requirement of rule 609(b).*

Defendant asserts the trial court abused its discretion in admitting evidence of the prior larceny conviction under Iowa Rule of Evidence 609(*b*) without expressly finding on the record that the probative value of the conviction supported by specific facts and circumstances substantially outweighed its prejudicial effect. Iowa R.Evid. 609(*b*).[1]

Rulings regarding the admissibility of prior convictions to attack credibility are within the trial court's discretion and will be disturbed only when such discretion has been abused. *See State v. Latham*, 366 N.W.2d 181, 184 (Iowa 1985); *State v. Cuevas*, 282 N.W.2d 74, 81 (Iowa 1979).

Iowa Rule of Evidence 609(*b*), which is identical to Federal Rule of Evidence 609(b), departs from the common law in providing a time limit on the use of prior convictions. *See* S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 366 (3rd ed. 1982). *See, e.g., Cuevas*, 282

N.W.2d at 81 ("Thus far we have fixed no specific period of years as a yardstick for measuring whether a witness' felony conviction is admissible for impeachment.").

Before July 1, 1983, the effective date of Iowa Rule of Evidence 609, impeachment of a witness by evidence of a prior conviction was governed by Iowa Code section 622.17 (1983). That section provided: "A witness may be interrogated as to his previous conviction for a felony. No other proof is competent, except the record thereof."

In *State v. Martin*, 217 N.W.2d 536, 542 (Iowa 1974), we limited impeachment under section 622.17 to those felony convictions involving dishonesty or false statement. The theory of impeachment by evidence of prior conviction is that the moral qualities of a witness can throw some light on the probability of his truthfulness. *Id.* Only such instances as tend to show a lack of truthfulness are relevant and material. *Id.*

When the accused takes the stand, there is an obvious danger that the jury will view evidence of a past conviction as evidence of present guilt, or as reason to convict with little concern for present guilt. *United States v. Brown*, 794 F.2d 365, 366 (8th Cir.1986). Therefore, we further held in *Martin* that the prior conviction would be admissible only if the court determines any danger of unfair prejudice does not substantially outweigh the probative value of the conviction, taking into account such factors as (a) the nature of the conviction, (b) its bearing on veracity, (c) its age, and (d) its propensity to improperly influence the minds of the jurors. *Martin*, 217 N.W.2d at 542. Although we have not previously had occasion to specifically address rule 609(*b*), we have cited impeach-

---

**1.** Rule 609(*b*) states:

Evidence of a conviction under [Rule 609] is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, *unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially*

*outweighs its prejudicial effect.* However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

(Emphasis added.)

ment by proof of an old conviction as an example of unfair prejudice. *State v. Sauls,* 356 N.W.2d 516, 518 (Iowa 1984).

 Under section 622.17 and *Martin,* the defendant essentially had the burden to show the danger of unfair prejudice substantially outweighed the probative value of the prior conviction. Iowa rule 609(*b* ) shifts the burden to the proponent of the evidence. *Cf. United States v. Portillo,* 633 F.2d 1313, 1323 (9th Cir.1980) (discussing federal rule); 3 J. Weinstein & M. Berger, *Evidence* ¶ 609[07] (1985). In effect, the wording of rule 609(*b* ) creates a rebuttable presumption that convictions over ten years old are more prejudicial than probative and are therefore inadmissible. *Cf. United States v. Singer,* 660 F.2d 1295, 1300 (8th Cir.1981) (Fed.R.Evid. 609(b) establishes rebuttable presumption; numerous authorities cited).

A survey of federal cases interpreting federal rule 609(b) shows a majority of the circuits that have addressed the issue require findings on the record. *See United States v. Acosta,* 763 F.2d 671, 695 (5th Cir.1985) (federal rule 609(b) requires on-the-record determination that probative value substantially outweighs prejudicial effect, supported by specific facts and circumstances); *United States v. Portillo,* 699 F.2d 461, 463–64 (9th Cir.1982) (rule 609(b) requires findings of specific facts and circumstances justifying introduction of remote convictions); *United States v. Beahm,* 664 F.2d 414, 417–18 (4th Cir.1981) (district court is required to support its findings with specific facts and circumstances); *United States v. Sims,* 588 F.2d 1145, 1149 (6th Cir.1978) (judge must make on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudicial effect) (citing *United States v. Cavender,* 578 F.2d 528, 531–32 (4th Cir.1978) (same)); *United States v. Mahler,* 579 F.2d 730, 734

(2nd Cir.1978) (same). *Contra United States v. Brown,* 603 F.2d 1022, 1028 (1st Cir.1979) (trial court stated that probative value of five prior convictions went to defendant's honesty and credibility and that the prejudicial effect did not exceed the probative value; held on appeal that requirements of 609(b) were met even though specific facts and circumstances were not itemized for the record).[2]

The United States House of Representatives suggested a version of federal rule 609(b) which would have absolutely barred admission of any prior conviction more than ten years old. *See* H.R.Rep. No. 650, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7051, 7085. However, a Senate amendment allowing admission under exceptional circumstances was eventually adopted. The Report of the Senate Committee on the Judiciary states:

> Although convictions over ten years old generally do not have much probative value, there may be exceptional circumstances under which the conviction substantially bears on the credibility of the witness.... It is intended that convictions over 10 years old will be admitted *very rarely and only in exceptional circumstances.* The rules provide that the decision be supported by specific facts and circumstances *thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered* in determining that the probative value of the conviction substantially outweighs its prejudicial impact.

S.Rep. No. 1277, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S.Code Cong. & Ad. News 7051, 7061–62 (emphasis added) [hereinafter cited as Senate Report No. 1277].

 The federal case law and the legislative history of federal rule 609(b) are persuasive authority for the defendant's proposition that Iowa rule 609(*b* ) requires the

---

**2.** The Eighth Circuit has not specifically decided the issue. *See United States v. Singer,* 660 F.2d 1295, 1300 n. 7 (8th Cir.1981); *United States v. Spero,* 625 F.2d 779, 781 (8th Cir.1980) ("...

although we are not disposed at this time to adopt the requirements [of specific findings] set forth in *Cavender* [578 F.2d 528], there is no need for such a decision in the present appeal.")

trial court to articulate its findings on the record. We agree it would be better practice for the trial court to make on-the-record findings as to the specific facts and circumstances which demonstrate that the probative value of the conviction substantially outweighs its prejudicial effect. Explicit findings would facilitate appellate review of 609(*b*) rulings. *See Mahler*, 579 F.2d at 736.

In the present appeal, however, we need not decide whether Iowa rule 609(*b*) requires on-the-record findings. In overruling Hackney's resistance, the trial court's only remarks on the record were:

> The court understands that a conviction of a prior felony offense [is] a matter that is prejudicial by operation, in effect, by operation of law it is a prejudicial matter. There isn't any question about that. It is whether it is prejudicial and it would distort the jury from making a finding one way or the other. I think the jury has the ability to figure out in their own minds that it has been less than a month shy of fifteen years, and that if nothing else is shown, they certainly have the ability to see that this is an old matter. We will let the jury weigh everything else accordingly and we will let the jury disregard if they wish that type of testimony. If they feel it is not applicable, it seems to me that as far as prejudicial, we are looking at what the jury would do with that kind of information. The jury in its wisdom will account under its own prerogative and weight whatever it feels it should have; because of that, I overrule the motion of the defendant, Hackney, as joined in by the defendant, Dorsey, to tell the State not to make mention of that. I overrule that.

It is clear from the court's remarks that it failed to exercise its discretion when it overruled the defendant's resistance. The trial court's ruling left the balancing of probative value against prejudicial effect to the jury. Rule 609(*b*) requires the court to make this determination. We conclude the trial court erred in abdicating its responsibility to make the determination. *See Sullivan v. Chicago & Northwestern Transportation Co.*, 326 N.W.2d 320, 328 (Iowa 1982).

We further conclude it would have been an abuse of discretion for the court to permit the State to use the prior conviction for impeachment purposes. In reaching this conclusion, we address the State's argument that there were sufficient factors before the trial court to make the required findings of "specific facts and circumstances."

In attempting to rebut the presumption of inadmissibility raised by rule 609(*b*), the State argued to the trial court that the prior conviction was similar to the crime charged. It further argued that the prior conviction was probative because larceny is a crime involving dishonesty. Moreover, the court noted on the record that the conviction "was an old matter."

The presumption is certainly not rebutted by the fact that the conviction was for the same type offense for which the defendant stood accused. *Beahm*, 664 F.2d at 418. Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. *Id.* Therefore, evidence of similar offenses for impeachment purposes should be rarely admitted. *See Martin*, 217 N.W.2d at 543 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967) (Burger, J.)).

Iowa rule 609(*a*)[3] limits impeachment to crimes involving dishonesty or false statement. The State's argument that the prior

---

**3.** Rule 609(*a*) states:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime involving dishonesty or false statement shall be admitted if elicited from the witness or established by public record during cross-examination, but only if the crime constituted a felony, aggravated misdemeanor, or other crime punishable by imprisonment in excess of one year pursuant to the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect.

conviction was probative because it involved dishonesty merely brings the prior conviction to the threshold of rule 609(*a*). The argument does not present any exceptional circumstances justifying admission under rule 609(*b*).

The trial court's implication that the prior conviction would be less prejudicial because it "is an old matter" is immaterial. Iowa rule 609(*b*) provides for no distinctions between older and more recent 609(*b*) convictions. *See Beahm*, 664 F.2d at 418. Any conviction more than ten years old presumptively prejudices a defendant.

■ The State failed to rebut the presumption raised by rule 609(*b*) with any specific facts or circumstances. Evidence of convictions more than ten years old should be admitted "very rarely and only in exceptional circumstances." Senate Report No. 1277. We find no exceptional circumstances in the present case. The trial court should have concluded Hackney's fifteen-year-old larceny conviction was not admissible pursuant to Iowa rule 609(*b*) under this record.

II. *Harmless error.*

■ The State urges us to find that any error resulting from the improper admission of evidence of Hackney's prior conviction was harmless. When a trial court error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected. *State v. Thompson*, 357 N.W.2d 591, 593–94 (Iowa 1984). The State claims the error was harmless because there was overwhelming evidence of guilt, and only a brief inquiry [4] was made regarding the prior conviction.

The evidence of guilt presented by the State was mostly circumstantial: Hackney's familiarity with the meat purchasing procedures at Fareway, his waving the meat ticket at the carryout person, his concealment of the meat ticket, Dorsey's wheeling the cart from the store, and the sixty rings of bologna missing from the cooler. Hackney's explanation of the event contradicted the State's evidence. He testified that he offered the meat ticket to the cashier, he thought Dorsey had paid for the thirty rings of bologna, and Dorsey did not take the cart out until the carryout person offered to help. The defendant's story was plausible under the facts; the State did not present overwhelming evidence of guilt.

■ Hackney's credibility was a determinative factor in the case since the most essential parts of his testimony were directly contradicted by the State's witnesses. He was on trial for theft. He had a prior conviction for a similar offense: larceny. With the evidence of Hackney's prior conviction for larceny before them, the jury undoubtedly discredited his testimony and returned a guilty verdict. *See Sims*, 588 F.2d at 1150. Under these circumstances we find that the defendant's rights were injuriously affected.

We conclude that the trial court's ruling permitting admission of evidence of the defendant's fifteen-year-old larceny conviction in violation of Iowa rule 609(*b*) constituted reversible error.

**REVERSED AND REMANDED.**

---

**4.** The following exchange occurred during cross-examination of Hackney by the State:

 Q. Mr. Hackney, isn't it true that you were once convicted of a felony in Lucas County, Iowa?

 A. Yes, sir.

 Q. That felony was for larceny? A. Cattle rustling.

 Q. You were convicted of that felony in '70 in Lucas County? A. Yes, sir.