STATE of Iowa, Appellee,

v.

William Earl ROBY, Appellant.

No. 91–1459.

Court of Appeals of Iowa.

Dec. 29, 1992.

Linda Del Gallo, State Appellate Defender, and Rachele B. Hjelmaas, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and James Koll, County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

The defendant, William Roby, appeals from his conviction of attempted murder.

In 1989, Roby began living with Mary Hameed, the victim in this case. During their stormy relationship, it was not uncommon for Roby and Hameed to fight and for Roby to move out, only to later move back. In April 1991, Roby once again moved out following a fight in which Hameed had contacted the police. The next week, Hameed filed burglary and trespassing charges against Roby after she discovered Roby had broken into Hameed's apartment. When she had confronted Roby in the apartment, Roby had struck Hameed and thrown her down several stairs.

Following this episode, the district court issued a no-contact order which prohibited Roby from having any contact with Hameed. However, Roby violated this a short time later on May 9, 1991, when he attempted to contact Hameed while she was at her ex-husband's house.

Another violation of the no-contact order occurred two days later on May 11, 1991, the day in question. On that evening, Hameed had accompanied some friends and family to Brown's Cafe in Fort Dodge. While Hameed was at the cafe, Roby approached her two times and told her he wanted to talk to her. On each occasion, Hameed told Roby to stay away. Finally, at about 3:00 a.m., Roby once again approached Hameed while she was sitting at a table with her father and her cousin. He then grabbed her by the neck and stabbed her in the right side several times with a knife. Although Hameed arrived at the hospital in critical condition, her condition stabilized following surgery.

The State filed a trial information charging Roby with one count of attempted murder and one count of escape. (The district court eventually severed the escape charge.) Prior to trial, the State filed a notice of its intention to impeach Roby with a thirteen-year-old perjury conviction. Roby resisted, and the court delayed ruling on the motion. The case then proceeded to a jury trial.

Prior to the selection of the jury, Roby's counsel objected to the make-up of the panel on the ground that there had been a systematic exclusion of minorities. The district court overruled his objection.

During trial, the court sustained the State's motion to impeach the defendant with the thirteen-year-old perjury conviction. The court determined the likelihood of prejudice was low and the perjury conviction was relevant because Roby intended to deny he had the specific intent to cause Hameed's death.

At the close of the evidence, the defendant moved for a judgment of acquittal based on the State's failure to prove Roby had the actual intent to cause Hameed's death. The court denied the motion and the jury returned a verdict of guilty as charged. The court subsequently entered judgment on the conviction and sentenced the defendant to a term of imprisonment not to exceed twenty-five years. Roby now appeals.

He contends the district court abused its discretion by allowing the State to impeach him through the use of the thirteen-year-old perjury conviction. He also contends the district court erred in granting his motion for acquittal based on the insufficiency of the evidence. Finally, Roby argues he received ineffective assistance of counsel by counsel's failure to present specific evidence to support his objection to the alleged systematic exclusion of minorities from the jury.

On our review, we affirm the judgment of the district court.

I. *Evidence of the Prior Conviction of Perjury.* Roby first contends the district court abused its discretion by allowing the State to impeach his testimony with the thirteen-year-old conviction for perjury.

■ On this issue, we review for an abuse of discretion. In order to show an abuse of discretion, one generally must show that the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138

(Iowa 1976) (citing *State v. Burnor,* 132 Vt. 603, 326 A.2d 138, 140 (1974)).

■ Under Iowa Rule of Evidence 609(b), evidence of a prior conviction involving dishonesty or false statements is *not* admissible if:

> ... a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, *unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect....*

Iowa R.Evid. 609(b) (emphasis added). *See State v. Roth,* 403 N.W.2d 762, 767 (Iowa 1987). Rule 609(b), in effect, creates a rebuttable presumption that convictions over ten years old are more prejudicial than probative and are therefore inadmissible. *State v. Hackney,* 397 N.W.2d 723, 727 (Iowa 1986).

■ Roby argues the State failed to overcome the rebuttable presumption that evidence of the thirteen-year-old perjury conviction is more prejudicial than probative. We do not agree.

The court's ruling on this issue did not constitute an abuse of discretion for two separate reasons. First, Roby's perjury conviction was highly probative because Roby's defense relied primarily on his own testimony that he did not have the intent to cause Hameed's death. As the primary issue was Roby's specific intent, the credibility of Roby's testimony was paramount.

Second, because the prior conviction in question was for perjury, a crime unrelated to the crime of attempted murder, we agree the prejudicial effect of this evidence did not outweigh its probative value. We agree with the finding of the district court: "[T]here is no likelihood that the jury would conclude that because he committed [perjury], he committed [attempted murder].... That type of prejudice is not involved here."

■ We agree convictions under rule 609(b) should be admitted only in exception-

al circumstances. *See State v. Hackney*, 397 N.W.2d 723, 727 (Iowa 1986). However, rule 609(b) is not an absolute bar to the admission of evidence of convictions which are over ten years old. Accordingly, the district court properly relied upon the strict language in rule 609(b) in making its finding that, based upon specific facts and circumstances presented by the State, the probative value of the thirteen-year-old perjury conviction substantially outweighed its prejudicial effect and was therefore admissible. We find the district court did not abuse its discretion.

II. *Sufficiency of the Evidence to Prove Attempted Murder.* Roby next con-tends the district court erred in failing to grant his motion for judgment of acquittal on the grounds that the State's evidence was insufficient to sustain a conviction of attempted murder. Roby admits he stabbed Hameed, but he argues the State failed to prove he specifically intended to cause the death of Mary Hameed.

■■■ Our standard of review is well settled. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

■■■ In order to prove Roby guilty of the crime of attempted murder, the State was required to prove, beyond a reasonable doubt, that Roby, with the intent to cause the death of Mary Hameed, did an act by which he expected to set in motion a force or chain of events which would cause or result in the death of Hameed. Iowa Code § 707.11 (1991). However, because proof of intent cannot usually be determined by

direct evidence, it is often proved by circumstantial evidence and the inferences drawn therefrom. *See State v. Olson*, 373 N.W.2d 135, 136 (Iowa 1985). Direct and circumstantial evidence are equally probative in establishing whether Roby intended to kill Hameed. Iowa R.App.P. 14(f)(16).

■■■ Here, the evidence produced at trial, taken in the light most favorable to the State, may reasonably lead to the inference that Roby assaulted Hameed with the intent to cause her death. This evidence includes proof that Roby approached Hameed, grabbed her neck and stabbed her several times with a knife. It also includes the testimony of Keven Nekvinda, Roby's cellmate, who testified Roby told him that he had stabbed Hameed to get back at her for the burglary charge.

Roby argues his behavior on the evening in question "was not consistent with that of a crazed killer." He contends he had been trained in hand-to-hand combat in the Marines, and if he really had wanted to kill Hameed, he could have done so. We are not at all persuaded by this argument.

We agree with the assertion of the State, that his behavior was consistent with that of a "calculated killer." After waiting a number of hours, Roby approached Hameed while she was sitting with her father and cousin. Without saying a word or instigating a fight, he then proceeded to stab Hameed in her side several times with a knife. This court will not find Roby lacked the intent to kill Hameed simply because he could have used a different method which would have been much more brutal and effective in causing Hameed's death than just stabbing her several times in her right side with a knife.

We find there was substantial evidence to support the verdict and that the motion for judgment of acquittal was properly denied.

III. *Ineffective Assistance of Counsel.* Roby next argues he received ineffective assistance of counsel. Specifically, he contends he was prejudiced by counsel's failure to introduce any evidence relating to the manner in which the panel as selected

in order to prove a systematic exclusion of minorities from the jury panel.

■ Generally, ineffective assistance of counsel claims are preserved for postconviction to allow trial counsel an opportunity to defend the charge. *State v. Mulder*, 313 N.W.2d 885, 890 (Iowa 1981); *cert. denied*, 459 U.S. 841, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982). Where the record on direct appeal is not adequate to permit us to resolve the issue, we preserve the defendant's claim for postconviction proceedings so the facts may be so developed. *State v. Koenighain*, 356 N.W.2d 237, 238 (Iowa App. 1984). This also gives the allegedly ineffective attorney the opportunity to explain his conduct. *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978).

We conclude there is an inadequate record for us to adjudicate Roby's claim without counsel's explanation for his conduct. We preserve Roby's ineffective assistance of counsel claim for a later proceeding.

The costs of this appeal are taxed to Roby.

For the reasons stated, we affirm the judgment of the district court.

AFFIRMED.