STATE of Iowa, Appellee,

v.

**Randy Virgil AXIOTIS, Appellant.**

No. 96–1278.

Supreme Court of Iowa.

Oct. 22, 1997.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Paul L. Martin, County Attorney, and Steven D. Tynan, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

During defendant's trial on the charge of driving while barred as an habitual offender, the trial court allowed the State to use evidence of a prior criminal conviction to impeach defendant's credibility as a witness. On appeal after conviction, defendant argues that the trial court improperly admitted that evidence. We find no error and therefore affirm.

I. *Background facts and proceedings.* The charge against defendant Randy Virgil Axiotis for driving while barred arose from an incident that took place in Mason City in March 1996. Axiotis and a companion stopped their vehicle alongside a parked Mason City police department patrol car during a snowstorm to inquire about road conditions ahead. Police officer Daniel Mason, who was inside the patrol car, allegedly observed that Axiotis was the driver of the vehicle. Because he recognized both occupants of the vehicle and suspected that Axiotis was barred from legally driving, officer Mason later contacted the police dispatcher, who checked the status of Axiotis' drivers license and determined that such was indeed the case. Axiotis was charged by trial information with driving while barred as an habitual offender. *See* Iowa Code § 321.561 (1995). Defendant Axiotis pled not guilty.

Before the start of the jury trial in June 1996, the State informed the trial court that it planned to raise for impeachment purposes, in accordance with Iowa rule of evidence 609 [1], Axiotis' 1985 conviction for false use of a financial instrument, an aggravated misdemeanor. *See* Iowa Code ch. 715 (1985) (repealed 1987).[2] In December 1985 Axiotis

---

1. Iowa rule of evidence 609 provides in relevant part:

   **Rule 609. Impeachment by evidence of conviction of crime.**

   *a. General rule.* For the purpose of attacking the credibility of a witness:

   (1) Evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to rule 403, if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

   (2) Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

   *b. Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

2. That statute was replaced by 1987 Iowa Acts ch. 150 (codified at Iowa Code ch. 715A (1989)

had received a suspended indeterminate two-year prison sentence on that conviction. Probation on the sentence was revoked in 1986, but because of an injury to defendant's back, he did not begin serving the prison sentence until 1987. Axiotis was released from prison in May 1988.

In the absence of the jury, at the trial on the present charge, defense counsel challenged the State's prospective use of Axiotis' 1985 conviction to impeach Axiotis as a witness. The objection was based on the age of the prior conviction and defense counsel's contention that prejudice to the defendant outweighed the probative value of the evidence. The trial court heard arguments from both parties on that evidentiary matter. The court ruled that evidence of the 1985 conviction would be admissible for purposes of impeachment of defendant Axiotis. Following that ruling, defense counsel informed the court that she would make objections for the record as appropriate during trial.

During the trial, officer Mason testified that Axiotis was the driver of the vehicle on the day in question. Defendant Axiotis, on the other hand, testified that his companion, not Axiotis, was the driver. On cross-examination, in order to impeach Axiotis' testimony, the State questioned him about, and Axiotis admitted, his 1985 conviction for false use of a financial instrument. The companion corroborated Axiotis' testimony as to who was driving the vehicle. Thus, the question of Axiotis' guilt on the present charge revolved around the credibility of the witnesses. Defense counsel did not object to the questions concerning the prior conviction; however, at the close of all evidence, she indicated she understood there was a standing objection to questions regarding the 1985 conviction, and the prosecutor stated he agreed to treatment of the objection as a standing one. The trial court treated the objection as a standing objection.

The jury found that defendant Axiotis was guilty of driving while barred as charged. The trial court entered judgment and sentence upon the jury's verdict. Axiotis appealed.

(dealing with forgery and related fraudulent

■ II. *Standard of review.* We generally review the trial court's rulings on admissibility of evidence for abuse of discretion. *State v. Predka,* 555 N.W.2d 202, 204 (Iowa 1996). Reversal is warranted only upon a showing the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976) (citations omitted).

III. *Admissibility of evidence of defendant's prior conviction.* On appeal, defendant Axiotis' arguments focus on the lapse of time between his 1985 conviction for false use of a financial instrument and the trial on the charge of driving while barred. As a preliminary matter, the State argues that Axiotis failed to preserve error on the issue of the admissibility of his prior conviction because defense counsel failed to specifically request a standing objection. However, the prosecutor and trial court assumed defendant's objection had been preserved. We also shall assume, without deciding, that error was adequately preserved.

■ A. Under Iowa rule of evidence 609, subsection 609(a)(2) provides concerning impeachment that "[e]vidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement...." The trial court also must determine "that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Iowa R. Evid. 609(a)(1). However, there are certain time limits under this rule:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed *since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date,* unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party suffi-

criminal acts)).

cient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Iowa R. Evid. 609(b) (emphasis added).

Under the plain language of rule 609, evidence of Axiotis' 1985 conviction clearly is not barred by a time limitation. Defendant does not dispute that his 1985 conviction was for a crime involving dishonesty or false statement and does not contend he received inadequate advance notice that the State intended to use the conviction for impeachment purposes. Although Axiotis was convicted in 1985, more than ten years before the trial, he was released from confinement in May 1988, well within the ten-year period prescribed by rule 609 before trial in June 1996. Because the rule expressly states that the time period begins on the date either of the conviction or of the release from confinement, whichever is later, we find no error in the district court's determination that the time requirements of rule 609 were satisfied in this case.

Moreover, under the circumstances of this case, we do not believe any exception to the rule is warranted. Defendant Axiotis points out that although he was convicted of false use of a financial instrument in 1985, his incarceration did not begin until 1987, thus prolonging the point—his release in 1988—at which the ten-year period would commence. We note, however, that the delays in the commencement of the incarceration were to Axiotis' benefit. First, in 1985 Axiotis received probation and a suspended prison sentence rather than an actual confinement sentence. Second, in 1986 after his probation was revoked, Axiotis was allowed to delay his incarceration until 1987 because of a back injury requiring surgery. We believe those accommodations to Axiotis should not serve to bar evidence of his conviction for impeachment purposes.

 B. Because we conclude that evidence of Axiotis' 1985 conviction was not time-barred, the only remaining question is whether the trial court properly balanced the probative value of admitting the evidence of the 1985 conviction against its prejudicial effect, as required by Iowa rule of evidence 609(a)(1). Defendant Axiotis contends that

in performing that analysis, the trial court failed to accord sufficient weight to the age of the conviction. We do not agree.

In determining whether the probative value of evidence of a prior conviction outweighs its prejudicial effect, the trial court should consider such factors as: (1) the nature of the conviction; (2) the conviction's bearing on veracity; (3) the age of the conviction; and (4) its tendency to improperly influence the jury. *State v. Hackney*, 397 N.W.2d 723, 726 (Iowa 1986). In this case, the trial court explicitly referred to and applied those factors. The fact that the court did not give more weight to the age of the conviction does not necessitate the conclusion that it abused its discretion.

We find no error here.

IV. *Disposition.* We affirm the judgment of the district court finding Axiotis guilty of driving while barred in violation of Iowa Code section 321.561.

**AFFIRMED.**