STATE of Iowa, Appellee,

v.

Larry James DALY, Appellant.

No. 98–1968.

Supreme Court of Iowa.

Feb. 14, 2001.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, John P. Sarcone, County Attorney, and Jamie Bowers, Assistant County Attorney, for appellee.

LARSON, Justice.

Larry James Daly was convicted of possession of methamphetamine with intent to deliver, failure to possess a tax stamp, and possession of marijuana in violation of Iowa Code sections 124.401(1)(b)(7); 453B.3, 453B.12; and 124.401(5) (1997), respectively. He appealed, raising various

issues, including the district court's ruling allowing evidence of his prior drug convictions. The court of appeals affirmed. We vacate the court of appeals decision, reverse the judgment of the district court, and remand.

Daly was charged with these offenses in late 1997. On February 3, 1998, he filed a motion *in limine*, seeking to exclude evidence of his prior convictions for identical narcotics crimes in 1993, citing Iowa Rule of Evidence 403 (exclusion of relevant evidence if it is "substantially outweighed by the danger of unfair prejudice"); rule 404(b) (prior "bad acts" evidence); and rule 609 (impeachment by evidence of prior convictions).

The general rule regarding claimed error in admission of evidence, when the issue has been raised in a motion *in limine*, has recently been stated by this court:

> Ordinarily, error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is offered at trial. However, "where a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, there is no reason to voice objection at such time during trial. In such a situation, the decision on the motion has the effect of a ruling."

*State v. Tangie*, 616 N.W.2d 564, 568–69 (Iowa 2000) (quoting *State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975)) (other citations omitted).

■ The district court, prior to trial, ruled that the motion *in limine* was overruled as to the defendant's rule 609 claim, and the ruling on his rule 404(b) claim would be reserved until trial. Defense counsel then inquired, "May I consider the second part of the court ruling [rule 609 impeachment] the final order of the court then?" The court responded, "Yes, sir." We conclude the defendant's rule 609 claim was resolved "in such a way it is beyond question" what the court's ruling would be

at trial. This avoided the necessity of Daly objecting again at trial in order to preserve error.

At trial the court sustained Daly's objection to the State's attempt to enter evidence of the circumstances surrounding the convictions under rule 404(b). However, Daly still faced impeachment with the convictions upon cross-examination during the presentation of his case in chief. The defendant, having lost his legal argument under rule 609, preemptively raised the matter of his prior convictions in his own testimony. Daly's attorney engaged him in the following colloquy:

> Q. Let's get one thing out right now, Mr. Daly. You've been convicted of crimes in the past, haven't you? A. Yes.
>
> Q. What crimes were you convicted of? A. Possession with intent to deliver methamphetamine, failure to possess drug stamp and possession of marijuana.
>
> Q. And when was that? A. Pardon me?
>
> Q. When was that? A. 1993.
>
> Q. Found guilty by a jury? A. No, I pleaded guilty.

■ Daly contends the court's order admitting evidence of his convictions forced him to raise the issue of his own conviction by preemptively testifying to it in his case in chief. This raises the issue of whether he thereby waived any objection to the court's ruling on his motion *in limine*. After the briefs were filed in this case, the United States Supreme Court in a five-to-four decision concluded a defendant waives any error in the court's preliminary ruling allowing conviction evidence by preemptively raising the matter in her own testimony. *See Ohler v. United States*, 529 U.S. 753, 759, 120 S.Ct. 1851, 1855, 146 L.Ed.2d 826, 832 (2000) ("[W]e conclude that a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error.").

The four-justice dissent in *Ohler* noted the district court's *in limine* ruling forced the defendant's attorney to raise the issue because "defense lawyers do not set out to impeach their own witnesses, much less their clients." *Id.* at 761, 120 S.Ct. at 1856, 146 L.Ed.2d at 833 (Souter, J., dissenting). In such a case, the dissent notes, "the defendant has opposed admission of the evidence and introduced it herself only to mitigate its effect in the hands of her adversary." *Id.* at 761, 120 S.Ct. at 1856, 146 L.Ed.2d at 834. It has been said "[i]t is common for witnesses to reveal on direct examination their convictions to 'remove the sting' of the impeachment." Fed.R.Evid. 609(a) advisory committee's note to 1990 amendment.

One problem with effectively forcing a defendant's preemptive introduction of the evidence and then holding he waives any objection to the court's ruling is that "a testifying defendant perforce waives the right to appeal an adverse *in limine* ruling admitting prior convictions for impeachment." *Ohler,* 529 U.S. at 760, 120 S.Ct. at 1855, 146 L.Ed.2d at 833 (Souter, J., dissenting). Moreover, the rule of waiver is contrary to established precedent in this state. *See, e.g., State v. Jones,* 271 N.W.2d 761, 766 (Iowa 1978).

> Where the issue is fully argued and [the] trial court, carefully apprised of defendant's objection, rules evidence of prior convictions admissible, we are not convinced defendant must abandon all trial tactics to preserve error. We hold defendant has not waived his right to assert error in this instance.

*Id.; accord State v. Griffin,* 323 N.W.2d 198, 202 (Iowa 1982). We decline to follow *Ohler* and conclude Daly has not waived his right to object to the court's admission of the evidence.

■ The State contends Daly failed to raise the rule 609 issue before the trial court. We disagree; while the defendant's trial counsel intermixed his arguments under rule 404(b) (prior "bad acts" evidence) and rule 609 (impeachment by evidence of

prior convictions), we believe a fair reading of his motion *in limine* raised the issue. It stated:

> The [conviction] evidence is ... inadmissible for impeachment purposes under Iowa R. Evid. 609. Pursuant to the 1996 amendment to the rule, evidence of any conviction punishable in excess of one year of incarceration is admissible for impeachment purposes. Prior to admission, however, the court must determine that "the probative value of admitting the evidence outweighs its prejudicial effect to the accused." Iowa R.Evid. 609(a)(1).

Because we conclude the rule 609 issue now raised was adequately preserved in the district court, it is unnecessary for us to consider Daly's alternative claim of ineffective assistance of counsel.

■ Rule 403 requires a balancing of probative value against the danger of unfair prejudice in this language:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 609 covers impeachment of a witness by evidence of a prior conviction. It provides:

> (a) **General Rule.** For the purpose of attacking the credibility of a witness:
>
> (1) Evidence that a witness *other than the accused* has been convicted of a crime shall be admitted, subject to rule 403, if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted, and evidence that an *accused* has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

(Emphasis added.)

There is an obvious difference in the language of rules 403 and 609 with respect to their probative-value/prejudice analyses concerning an accused as a witness. Rule 403 says evidence may be *excluded* if its probative value is *substantially outweighed* by the danger of unfair prejudice. Rule 609 provides evidence shall be *admitted if the court determines* the probative value outweighs its prejudicial effect. Daly complains that the district court did not make a determination on this question.

■ It is true, as the State argues, trial courts are given considerable discretion in most evidentiary rulings. *See, e.g., State v. Liggins,* 524 N.W.2d 181, 188 (Iowa 1994). However, we do not view this case as one involving an abuse of discretion in weighing the probative value and likely prejudice. Rather, we see the issue as one involving an error of law in failing to engage in the weighing process at all. In fact, the issue of admissibility seemed to turn in the trial court only on the seriousness of prior convictions. The court stated:

> I believe that the nature of the crimes of which Mr. Daly has previously been convicted are serious crimes and I think while they may not fall specifically within the category of those which are described as dishonesty, they are serious enough that—that their probative value is substantial in this case. Clearly, the potential punishment for those crimes of which he has been convicted are no greater than and no less than certain very serious sexual assaults which by their nature do not call into play dishonesty, but there would be little dispute that they would be the type of convictions that would be relevant on a fact finder's determination of the credibility of a witness, particularly an accused.

We believe an assessment by the trial court of the probative value of this evidence in relation to its likely prejudice is contemplated by rule 609: "[e]vidence that an accused has been convicted of such a crime [punishable by more than one year in prison] shall be admitted *if the court determines* that the probative value of admitting this evidence outweighs its prejudicial effect to the accused...." (Emphasis added.) Such a process is also contemplated by our cases. *See, e.g., State v. Axiotis,* 569 N.W.2d 813 (Iowa 1997). In that case, we said:

> In determining whether the probative value of evidence of a prior conviction outweighs its prejudicial effect, the trial court should consider such factors as: (1) the nature of the conviction; (2) the conviction's bearing on veracity; (3) the age of the conviction; and (4) its tendency to improperly influence the jury.

*Id.* at 816. In *Axiotis* we expressly approved the trial court's disposition by noting "the trial court explicitly referred to and applied those factors." *Id.*

A federal court has observed, with respect to evidence of similar crimes:

> Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime, because of the inevitable pressure on lay jurors to believe that "if he did it before he probably did so this time." As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.

*Gordon v. United States,* 383 F.2d 936, 940 (D.C.Cir.1967).

In this case, the first factor under *Axiotis* (nature of the conviction) and its fourth factor (tendency to improperly influence the jury) are of particular concern. The

1993 convictions were for exactly the same crimes for which Daly was currently on trial (possession of methamphetamine with intent to deliver, failure to possess tax stamps, and possession of marijuana). This fact alone could very likely have a substantial effect on a jury, which, although instructed not to do so, could reasonably be expected to misuse the evidence as substantive proof of guilt. *See Green v. State*, 338 S.C. 428, 527 S.E.2d 98, 101 (2000). While we give deference to a trial court's ruling under rule 609, the evidence of Daly's conviction in 1993 for the identical three crimes charged here was so likely to have influenced the jury improperly we conclude the court abused its discretion in admitting it.

We reverse and remand for a new trial. This disposition makes it unnecessary to address the remaining issues raised by Daly. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for a new trial.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**