**STATE of Iowa, Appellee,**

v.

**Edward MARTIN, III, Appellant.**

No. 04–0026.

Supreme Court of Iowa.

Oct. 7, 2005.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Thomas Ferguson, County Attorney, and Heather Prendergast and Jill Dashner, Assistant County Attorneys, for appellee.

STREIT, Justice.

Edward Martin, III claims it was error to allow the prosecutor to ask him about a prior drug conviction during his trial for possession of cocaine. Because the probative value of admitting the prior conviction did not outweigh its prejudicial effect, we reverse and remand for a new trial.

### I. Facts and Prior Proceedings

On August 9, 2003, a Waterloo police officer saw Edward Martin, III driving another man's truck. Aware Martin's license was suspended, the officer pulled him over. As Martin got out of the truck, he threw his arms up into the air. The

officer saw a silver-or clear-colored item fly out of Martin's hands. He then heard a "tink" sound. The officer looked in the truck bed and saw a fractured glass crack pipe on some rocks. He also saw some keys on a pillow. Martin admitted he had thrown the keys into the truck bed but denied he owned the crack pipe. Tests later revealed the crack pipe contained cocaine. A jury found Martin guilty of cocaine possession, driving while suspended, and interference with official acts. *See* Iowa Code §§ 124.401(5), 321.218(1), 719.1(1) (2003).

Martin appealed. First, Martin claimed there was insufficient evidence to support his conviction for cocaine possession. Second, Martin alleged his attorney was ineffective because he did not (1) "properly and completely" object to a prior drug conviction used for impeachment; (2) object to an evidence tag; and (3) argue the correct legal standard in his motion for a new trial.

The court of appeals concluded Martin's attorney was ineffective because he did not object to the evidence tag. The court found the tag contained hearsay that unfairly summarized the State's case, presumed prejudice, and reversed.

We granted further review to examine the evidence-tag issue. In another case filed today, we vacate a nearly identical decision of the court of appeals that concerns a similar tag in another case involving Martin. *See State v. Martin,* 704 N.W.2d 665 (Iowa 2005). In reviewing the issues presented on appeal in this case, however, we find we ought not reach the evidence-tag issue here. This conviction should be reversed on Martin's impeachment claim.

## II. The Merits

### A. Impeachment

■ At trial, Martin took the stand and denied he owned the crack pipe. On cross-examination, the prosecutor attempted to impeach Martin with evidence of three prior theft convictions. Martin admitted to the convictions. The prosecutor then asked Martin if he had been convicted of possession of cocaine with intent to deliver. Martin's counsel objected "prejudicial value." The district court overruled the objection without elaboration, and Martin admitted to one conviction.

On appeal, Martin claims his trial counsel was ineffective because he did not object "properly and completely" to the use of the prior possession conviction. Martin maintains his case is substantially similar to *State v. Daly,* 623 N.W.2d 799, 803 (Iowa 2001), in which we held a trial court abused its discretion in admitting evidence of a defendant's prior conviction. Martin claims his trial counsel was ineffective because he did not specifically address *Daly.*

In spite of Martin's own argument, the court of appeals decided his trial counsel's objection was sufficient to alert the district court to the balancing analysis required under Iowa Rule of Evidence 5.609. The court thus did not analyze the impeachment issue as an ineffective-assistance-of-counsel claim, but rather sought to determine if the trial court had abused its discretion. We agree this is the proper analysis in this case. Contrary to the court of appeals, however, we think the record clearly shows the district court abused its discretion. *Daly* is on point.

In *Daly,* the defendant stood trial for three drug charges and testified on his own behalf. 623 N.W.2d at 800. Pursuant to what is now rule 5.609, the defendant sought to exclude evidence of convictions for an identical set of crimes. *See id.* The rule stated then, as it does now:

> For the purpose of attacking the credibility of a witness: (1) . . . [E]vidence that an accused has been convicted of . . . a crime shall be admitted if the

court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. . . . Iowa R. Evid. 5.609(*a*)(1). The district court overruled the defendant's motion, but we reversed because the court "fail[ed] to engage in the weighing process at all." *Daly*, 623 N.W.2d at 802. We also held the probative value of the prior convictions did not outweigh the prejudicial effect to the accused. *See id.* at 802–03. In our analysis, we reiterated that when balancing probative value and prejudicial effect for impeachment of a testifying defendant[1] the trial court should consider the conviction's (1) nature, (2) bearing on veracity, (3) age, and (4) tendency to improperly influence the jury. *Id.*; *see also State v. Axiotis*, 569 N.W.2d 813, 816 (Iowa 1997); *State v. Hackney*, 397 N.W.2d 723, 726 (Iowa 1986).

In the case at bar, the district court did not explicitly consider the foregoing four factors. *Compare Daly*, 623 N.W.2d at 802 (noting trial court failed to consider factors and ultimately reversing), *with Axiotis*, 569 N.W.2d at 816 (noting "the trial court explicitly referred to and applied [the four] factors" and affirming). Even if we assume the district court considered the factors implicitly, we still find that the admission of the prior conviction was an abuse of discretion.

First and foremost, Martin's prior conviction for possession of cocaine with intent to deliver is almost identical to the present charge of possession of cocaine. As we explained in *Daly*, "[t]his fact alone could very likely have [had] a substantial effect on a jury, which, although instructed not to do so, could reasonably be expected to misuse the evidence as substantive proof of guilt." 623 N.W.2d at 803 (citation omitted); *accord Hackney*, 397 N.W.2d at 726 ("When the accused takes the stand, there is an obvious danger that the jury will view evidence of a past conviction as evidence of present guilt, or as reason to convict with little concern for present guilt."). The potential for misuse was exacerbated in this case because the prior possession conviction—unlike the theft charges—had little bearing on Martin's veracity.

■ The prosecutor's attempt to introduce the prior possession conviction must also be viewed in the context of the trial. The prosecutor had already questioned Martin about three theft convictions. This severely undercut the impeachment value of the prior possession conviction:

> Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime, because of the inevitable pressure on lay jurors to believe that if he did it before he probably did so this time.

*Daly*, 623 N.W.2d at 802 (citation and internal quotation marks omitted). As indicated, the prior possession conviction did not directly relate to veracity—unlike the theft convictions. Introduction of the prior drug conviction was simply overkill and could only serve to improperly influence the jury.

In sum, we conclude the probative value of admitting Martin's prior drug conviction

---

1. Rule 5.609 sets forth distinct balancing tests depending on whether the testifying witness is the accused, or a witness other than the accused. *Daly*, 623 N.W.2d at 802. When a criminal defendant testifies, crimes punishable by imprisonment in excess of one year are admissible "if the probative value of admitting this evidence *outweighs its prejudicial effect* to the accused." Iowa R. Evid. 5.609(*a*)(1). This is in stark contrast to when a witness other than the defendant testifies. For witnesses other than the accused, the convictions are only tested by the general balancing test of Rule 5.403 and may be excluded only "if [the] probative value *is substantially outweighed* by the danger of unfair prejudice." *See* Iowa Rs. Evid. 5.403, 5.609(*a*)(1); *see also Daly*, 623 N.W.2d at 802.

could not outweigh its prejudicial effect. While we afford considerable deference to the trial court on evidentiary matters, *see id.*, it was error to admit the prior drug conviction.

### B. Harmless Error

■ In the alternative, the State contends any error in admitting evidence of Martin's prior cocaine possession conviction was harmless. We disagree. The evidence against Martin was not overwhelming. The crack pipe was found in the bed of a pick up truck, an area open to any passing stranger who may have discarded the crack pipe. The jury was also presented with conflicting evidence as to whether Martin threw his keys in the bed of the truck or both his keys and a glass crack pipe in the bed of the truck. Testimony of a "tink" sound could relate to either breaking glass or a set of car keys landing on a pillow. It cannot fairly be said the admittance of Martin's prior possession conviction did not improperly influence the jury and injuriously affect his rights. Therefore, the State has not affirmatively established Martin did not suffer prejudice. *See State v. Moorehead*, 699 N.W.2d 667, 672 (Iowa 2005) (outlining principles of harmless-error review in cases of non-constitutional error). We reverse and remand for a new trial without evidence of Martin's prior drug conviction.

### III. Conclusion

The district court abused its discretion when it allowed the prosecutor to impeach Martin by questioning him about his prior conviction for possession of cocaine with intent to deliver. We vacate the decision of the court of appeals, reverse the district court judgment, and remand for a new trial without use of the prior conviction. Because reversal is required, it is unnecessary to address the remaining issues Martin has raised on appeal.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; REMANDED FOR NEW TRIAL.**