# IN THE COURT OF APPEALS OF IOWA

No. 14-1785
Filed August 17, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**ANTHONY JOHN MERCY,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary, Judge.

　　　Anthony Mercy appeals his conviction for theft in the third degree. **AFFIRMED.**

　　　Randy L. Waagmeester of Waagmeester Law Office, P.L.C., Rock Rapids, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Anthony Mercy appeals his conviction for theft in the third degree. He contends he did not receive a fair trial because the district court erred in admitting hearsay evidence and evidence of prior crimes, wrongs, or acts, and the court incorrectly instructed the jury. We affirm.

## I.    *Background Facts and Proceedings*

On June 2, 2014, Jason DeBoer was at his part-time job at Mars Farm Inc. when Anthony Mercy arrived at the farm looking for help regarding a trailer with a flat tire at a Bomgaars store in Orange City. DeBoer, who also works part-time as a police officer, thought it was suspicious Mercy needed the trailer moved so urgently and that Mercy tried to sell a chain saw "for quick cash" during his brief encounter with DeBoer at the farm.

After DeBoer finished his shift, he went to Bomgaars to investigate. In the parking lot, DeBoer observed a trailer with one tire missing. The rim was "very badly damaged," as if it "had been ridden for an extended period of time." The trailer had a South Dakota license plate. DeBoer asked police dispatch to run the trailer's license plate number in the National Crime Information Center (NCIC) database, which provided information that the trailer had been reported stolen from Sioux Falls, South Dakota.

Orange City Police Officer Duane Hulstein was dispatched to the Bomgaars parking lot to investigate. Hulstein contacted the Sioux Falls Police Department to report the missing trailer had been located in Iowa; the Sioux Falls police told Hulstein that Mercy was listed as the suspect of their investigation.

Hulstein had the trailer towed to the police station and asked the Bomgaars store manager to call police if Mercy returned looking for it.

Mercy returned to Bomgaars the next day. Hulstein arrived to the store and asked Mercy how he came into possession of the trailer; Mercy responded that he purchased it "from a guy in Holstein." Mercy did not provide any documentation for the trailer or the name or contact information for the alleged seller in Holstein. "[A]bout half" of the contents of the trailer belonged to Scott and Julie Lewison from South Dakota. The trailer's owner, Colin Olson, stated the trailer had been stolen a few months prior from the parking lot of Fred's Fixer in Sioux Falls. According to Olson, the trailer's value, before it was stolen, was "about $1500" because it had "a real heavy-duty axle." Olson testified the trailer, in its current condition, was worth approximately $700.

The State filed a trial information charging Mercy with theft in the third degree, an aggravated misdemeanor. The case proceeded to trial, and the jury returned a verdict of guilty. The district court imposed a sentence of time served.

Mercy appeals. Additional facts will be set forth below as relevant to Mercy's claims on appeal.

## II.    *Standards of Review*

The district court's evidentiary rulings are reviewed for abuse of discretion. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). "Rulings on the admissibility of hearsay evidence are reviewed for correction of errors at law." *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013). A district court's refusal to submit a requested jury instruction and whether there was sufficient evidence to warrant submission of a jury instruction are reviewed for correction of errors at

law. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). Constitutional issues, such as a claim based on the Confrontation Clause,[1] are reviewed de novo. *See Neiderbach*, 837 N.W.2d at 190.

### III. Hearsay

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). Hearsay is not admissible unless it falls within one of several enumerated exceptions. Iowa R. Evid. 5.802; *State v. Newell*, 710 N.W.2d 6, 18 (Iowa 2006). A statement is not hearsay when it is not offered to establish the truth of the matter asserted but instead offered for some other permissible purpose. *See State v. Dullard*, 668 N.W.2d 585, 589-90 (Iowa 2003).

Mercy challenges the district court's admission of testimony concerning the fact that the trailer was "stolen" and that Mercy was a "suspect" in the Sioux Falls police investigation of the missing trailer. He contends the evidence constituted inadmissible hearsay and its admission "deprived him of a fair trial."

#### A. Testimony the Trailer was Reported Stolen

Mercy points to testimony from DeBoer that DeBoer requested a NCIC database check on the trailer, which "came back *stolen* out of Sioux Falls, South Dakota." (Emphasis added.) Mercy also challenges similar testimony from Hulstein, including statements that Hulstein was sent to the Bomgaars parking lot on a report that "[o]ff-duty Hawardan Officer Jason DeBoer had located a *stolen* trailer in the parking lot at Bomgaars," and that Hulstein requested a NCIC

---

[1] *See* U.S. Const. amend. VI; Iowa Const. art. I, § 10.

database check on the trailer's license plate and vehicle identification number which "verified the trailer was *stolen or reported stolen* out of Sioux Falls, South Dakota." (Emphasis added.)

Mercy did not object to these statements at trial. But prior to trial, Mercy filed a motion in limine seeking to exclude, in part, "narrative from various officers that the trailer in question was reported stolen." The State had no objection to that portion of Mercy's motion in limine, and the court granted his request.

Assuming, without deciding, that Mercy's motion in limine preserved error for his claim on appeal without raising objections to these statements at trial[2] *and* that the testimony was admitted in error,[3] we conclude it was cumulative to other testimony properly in the record and is not grounds for reversal. *See State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003) (holding if the hearsay evidence is cumulative because other evidence in the record establishes the same fact, the error will not be considered prejudicial).

---

[2] In ruling to sustain Mercy's motion in limine, the district court stated the ruling was
> [a] preliminary ruling—they're subject to review by the Court as the evidence may develop over the course of trial. As we begin, if something comes up, either party can ask me to take—take a new look at that motion in limine and you think this is relevant and this is why.

Ordinarily, to preserve error on a motion in limine, one must make a timely objection when the evidence that was the subject of the motion in limine is offered at trial. *See State v. Edgerly*, 571 N.W.2d 25, 29 (Iowa Ct. App. 1997); *see also State v. Daly*, 623 N.W.2d 799, 800 (Iowa 2001). But if "a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, [then] there is no reason to voice objection at such time during trial." *State v. Schaer*, 757 N.W.2d 630, 634 (Iowa 2008) (citation omitted). Here, in light of the court's fluid ruling, it would have been prudent to raise objections to the evidence at trial.

[3] "When an out-of-court statement is offered, not to show the truth of the matter asserted but to explain responsive conduct, it is not regarded as hearsay." *State v. Mitchell*, 450 N.W.2d 828, 832 (Iowa 1990). "Generally, an investigating officer may explain his or her actions by testifying as to what information he or she had, including its source, regarding the crime and the criminal." *State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011). Here, the challenged testimony was part of a colloquy discussing the actions taken by the witnesses in response to the discovery of the trailer in the Bomgaars parking lot.

> "[A]dmission of hearsay evidence over a proper objection is presumed to be prejudicial error unless the contrary is affirmatively established." The contrary is affirmatively established if the record shows the hearsay evidence did not affect the jury's finding of guilt. One way to show the tainted evidence did not have an impact on the jury's verdict is to show the tainted evidence was merely cumulative. If the record contains cumulative evidence in the form of testimony, the hearsay testimony's trustworthiness must overcome the presumption of prejudice. We measure the trustworthiness of the hearsay testimony based on the trustworthiness of the corroborating testimony.

*Elliott*, 806 N.W.2d at 669 (alteration in original) (citations and footnote omitted).

Here, Colin Olson, the owner of the trailer, testified about the circumstances that led him to call the Sioux Falls Police Department and report the trailer as stolen; the information provided by Olson was the basis for the NCIC database report. DeBoer and Hulstein's testimony regarding the trailer being reported as stolen was cumulative to Olson's testimony. *See Brown*, 656 N.W.2d at 361 (directing the court to first look to the record to see if the hearsay evidence was merely cumulative—i.e. "substantially the same evidence is in the record"). Mercy did not object to Olson's testimony, and Mercy had the opportunity to cross-examine Olson. Moreover, the challenged testimony came from investigating officers, and the cumulative testimony came from an indifferent witness—not an adverse party or one with incentive to align his testimony to the officers' testimony. *See Elliott*, 806 N.W.2d at 669 (noting if the hearsay evidence is cumulative, the court next measures the trustworthiness of the underlying corroborative evidence as a basis for a determination of the trustworthiness of the related hearsay evidence). Mercy does not contest the credibility of Olson's testimony. Under these circumstances, we do not believe

the evidence affected the jury's ultimate determination, and we affirm on this issue.

B.      *Testimony regarding the Sioux Falls police report*

Mercy further challenges Hulstein's testimony regarding his conversation with Detective Smedsrud from the Sioux Falls Police Department.  Mercy points to the following testimony:

> [STATE] Q. After you confirmed the trailer was stolen, what did you do next?  [HULSTEIN] A. I contacted the Sioux Falls Police Department.
> Q. Why did you contact the Sioux Falls Police Department? A. They were the initiating agency.  They're the ones who reported it.
> Q. Did you communicate with the Sioux Falls police officer? A. Yeah, I talked to a Detective Smedsrud from the Sioux Falls Police Department.
> Q. When you spoke with Detective Smedsrud with Sioux Falls Police Department, what did you tell him?  A. That we had located a trailer that they had reported stolen and that the trailer was in possession of Anthony Mercy and that he was not currently present at that time.
> Q. Do you know if the Sioux Falls Police Department had an ongoing investigation in to the trailer?  A. Yes, they did.
> Q. Do you know if Sioux Falls police had an ongoing investigation—
> [DEFENSE COUNSEL] Objection, Your Honor, calls for hearsay.
> [COURT] Well, overruled.  You can answer the question. Just listen to the question carefully.
> [HULSTEIN] Yes, sir.
> [STATE] Q. Did Sioux Falls police have an ongoing investigation into that trailer?  [HULSTEIN] A. Yes, they did.
> Q. Do you know who was the suspect of that investigation? A. It was Anthony Mercy.
> [DEFENSE COUNSEL] Objection, Your Honor, hearsay.
> [COURT] Overruled.
> [STATE] Q. After you informed Sioux Falls and Detective Smedsrud that Anthony Mercy was or had been in possession of the trailer, and you learned Sioux Falls was investigating the trailer and Anthony Mercy was a suspect, what did you do?  [HULSTEIN] A. I told the Sioux Falls officer, Detective Smedsrud, that we would seize the trailer and secure it for them and we would arrest Anthony

Mercy for possession of stolen property.

With regard to Hulstein's testimony regarding his conversation with Smedsrud, Mercy contends the State "never made a showing that Detective Smedsrud was 'unavailable' to appear and testify at the trial,"[4] and Hulstein's testimony as to Smedsrud's statement that Mercy was the suspect of their investigation "was offered into evidence to prove the truth of the matter asserted" and was "severely prejudic[ial]" to Mercy.

Again bypassing error preservation concerns,[5] we find Mercy's claim unpersuasive because the challenged testimony is not hearsay. For the most part, Hulstein testified as to his own knowledge of the Sioux Falls investigation and the facts surrounding the trailer following his conversation with the Sioux Falls police. To the extent Hulstein's testimony indicated Mercy would be arrested for possession of stolen property, we believe this statement was offered "not to show the truth of the matter asserted but to explain responsive conduct," and accordingly, "it is not regarded as hearsay." *See Mitchell*, 450 N.W.2d at 832; *see also Elliott*, 806 N.W.2d at 667 (observing "an investigating officer may explain his or her actions by testifying as to what information he or she had, including its source, regarding the crime and the criminal"). To be clear, Hulstein's testimony was not "a statement, other than one made by a declarant

---

[4] "If a hearsay statement made by a declarant who does not appear at trial is testimonial, evidence of that statement is not admissible under the Confrontation Clause unless the declarant is unavailable to testify at trial and the defendant had a prior opportunity for cross-examination." *Schaer*, 757 N.W.2d at 635.

[5] A hearsay objection "is too broad to raise the issue of constitutional right of confrontation. Objections to evidence must be sufficiently specific to inform the trial court of the basis for objecting." *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982). The district court did not rule on an objection to testimony based on the Confrontation Clause with finality before trial, and Mercy did not raise a Confrontation Clause objection at trial. Mercy has not preserved error on a Confrontation Clause claim.

while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c). We affirm on this issue.

### IV.    *Photographic Evidence*

At trial, the State sought to offer photographic evidence of the trailer and items found inside it. Exhibits 1 through 5 depicted the trailer itself. Exhibits 6 through 27 were photographs of items found inside the trailer. Mercy objected to the admission of Exhibits 13 through 27 as "irrelevant" and "prejudicial to the defendant." Mercy later added an objection to Exhibit 12 on the same grounds. Mercy pointed out, "For instance, Exhibit 13 is a gun.[6] Whether it's a real gun or a toy gun, it can scare the jurors and say, hey, this guy is a dangerous guy. He's going around with a gun. So not only are they irrelevant, they're also prejudicial to the defendant."

The district court allowed the State to introduce nearly all the exhibits, excluding only Exhibits 13, 17, and 19 as duplicative because they were "essentially the same" as other exhibits. The exhibits were introduced by the State during Hulstein's testimony to show the trailer contained personal items clearly belonging to other people (i.e., Scott and Julie Lewison) and to support the State's theory that Mercy was not the owner of the trailer.

On appeal, Mercy challenges the admission of Exhibits 6 through 27, claiming the photographs were "prior bad acts evidence" irrelevant to the crime charged,[7] and the prejudicial effect of the evidence substantially outweighed any

---

[6] At trial, with regard to Exhibit 13, Hulstein testified, "It was just a BB gun, pellet gun."
[7] Mercy points out the jury was instructed the State had to prove "[t]he property (trailer) was stolen," *see* Jury Instruction No. 19, and the jury was further instructed, "Property valued more than $500 but not more than $1000 is Third Degree Theft," *see* Jury

probative value. He points to Iowa Rules of Evidence 5.403 and 5.404(b), which provide: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Iowa R. Evid. 5.403.

> b. *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Iowa R. Evid. 5.404(b). According to Mercy, "The fundamental principle for these rules of evidence is that a defendant must be convicted only if it is proved he committed the offense charged and not because he is a bad man."

The State contends Mercy failed to preserve error on his prior-bad-acts claim. According to the State, Mercy "objected to the admission of these photographs under the broad heading of relevance—but he did not argue, as he now does on appeal, that they were inadmissible under Iowa Rule of Evidence 5.404(b) or based on caselaw regarding prior bad acts." We agree.

"The preservation of error doctrine is grounded in the idea that a specific objection to the admission of evidence be made known, and the trial court be given an opportunity to pass upon the objection and correct any error." *Brown*, 656 N.W.2d at 361. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

---

Instruction No. 25. According to Mercy, he "was not charged with possessing the contents of the trailer."

Here, Mercy's "[c]omplaint about the trial court's ruling was not adequately raised by proper specific objection, and that complaint was therefore waived." *See State v. Ware*, 338 N.W.2d 707, 712 (Iowa 1983); *see also State v. Sanborn*, 564 N.W.2d 813, 815 (Iowa 1997) ("A defendant may not rest an objection on one ground at trial, and rely on another for reversal on appeal.").

With regard to Mercy's general claim of relevance, the items were relevant to the crime charged because the State was required to prove Mercy knew the trailer was stolen. Moreover, the jury also heard testimony from Olson, the owner of the trailer, establishing that the trailer was stolen. We conclude the court did not abuse its discretion in determining the exhibits were relevant and that their probative value was not substantially outweighed by the danger of unfair prejudice. We affirm on this issue.

## V.    *Jury Instructions*

The marshalling instruction provided the State had the burden to prove the following elements for the jury to find Mercy guilty of theft:

> 1. The property (trailer) was stolen.
> 2. On or about the 2nd day of June, 2014, in Sioux County, Iowa, the defendant exercised control over the property (trailer).
> 3. At the time, the defendant knew the property (trailer) had been stolen.

*See* Jury Instruction No. 19.

At trial, Mercy requested a fourth paragraph be included in Jury Instruction No. 19, to require the jury to find "[t]he defendant did not intend to promptly return the trailer to the owner, or to deliver it to an appropriate public officer." *See* Iowa State Bar Ass'n, Iowa Crim. Jury Instruction 1400.13 (2012). The State objected, claiming such additional language was not supported by the evidence. Mercy

then pointed to his videotaped interview with Hulstein at the police station in which Mercy acknowledged the trailer "came from South Dakota, that it had to go back to [its owner in] Sioux Falls." The State countered, stating:

> [Defense counsel] points to the statement that Mercy made in the interrogation room: "I know the trailer needs to go back to its owner. I know the trailer came from South Dakota." These are items in contradiction to his prior statement to Duane Hulstein that "I got it from a guy in Holstein, Iowa." It indicates that Mr. Mercy knew the property was stolen. It doesn't go towards his ability or attempts to try to return the property. There has been absolutely no evidence, Mr. Mercy's contact with the police, Mr. Mercy's [contact] with the off-duty officer, that he was trying to get this property back to the appropriate public officer. And I think it should be excluded. It's not appropriate, and it's also not supported by the evidence.

The district court denied Mercy's requested language, stating:

> I did not see or hear any evidence that would indicate that there is a basis for a defense or a theory of the defendant's case that suggests that he intended to return . . . the trailer to its rightful owner.
> Exhibit 28 [videotape of the interview] did indicate, and the defendant said something to the effect about, I know it's got to go back to the owner. That's different than something more proactive, like I was intending, or I was trying, or using some other different language to indicate some form of intent which is an alternative to permanently depriving.

Mercy challenges the court's ruling on appeal, claiming he was "deprived of the opportunity to argue that his statements made during the interrogation . . . indicated his intent to return the trailer to the owner," which "prevented [him] from receiving a fair trial."[8]

---

[8] Mercy also raises a claim on appeal with regard to Jury Instruction No. 16. Because Mercy did not object to that instruction at trial, he failed to preserve error on this issue. *See State v. Ambrose*, 861 N.W.2d 550, 555-56 (Iowa 2015) ("Ambrose never alerted the trial court that the instruction constituted a misstatement of the law . . . . Ambrose failed to preserve error on this issue.").

We review the district court's instructions "to determine whether they correctly state the law and are supported by substantial evidence." *State v. Walker*, 600 N.W.2d 606, 608 (Iowa 1999) (citation omitted); *see also Alcala*, 880 N.W.2d at 707-08. "Evidence is substantial if it would convince a reasonable person of the fact sought to be proven." *State v. Thompson*, 570 N.W.2d 765, 767 (Iowa 1997). Under these facts and circumstances, we find no error in the district court's refusal to give Mercy's requested instruction. We affirm on this issue.

## VI. Conclusion

Upon consideration of the issues raised on appeal, we affirm Mercy's conviction for theft in the third degree.

**AFFIRMED.**