# IN THE SUPREME COURT OF IOWA

No. 08–2030

Filed June 3, 2011

**STATE OF IOWA,**

Appellee,

**vs.**

**WENDELL KARL HARRINGTON,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

The defendant seeks further review of the court of appeals decision affirming his criminal convictions. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Jim Ward, Assistant County Attorney, for appellee.

**ZAGER, Justice**.

Wendell Harrington seeks further review of his convictions, sentences, and judgment for ongoing criminal conduct, first-degree theft, second-degree theft, and three counts of second-degree burglary, all enhanced as a habitual offender. The court of appeals reversed Harrington's conviction for ongoing criminal conduct, affirmed his remaining convictions, and preserved his ineffective-assistance claim for postconviction relief. We granted further review to consider a single issue: whether the district court erred in admitting Harrington's prior theft and burglary convictions under Iowa Rule of Evidence 5.609. *See State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010) (electing to review only one of three issues raised on appeal and leaving the court of appeals decision as final on remaining two issues); *State v. Johnson*, 784 N.W.2d 192, 193 (Iowa 2010) (considering only two of the defendant's claims on further review).

Harrington relies on *State v. Axiotis*, 569 N.W.2d 813, 816 (Iowa 1997), to claim the district court erred in admitting his prior convictions because the court did not balance the probative and prejudicial nature of his prior convictions. The court of appeals concluded the district court had no duty to apply a balancing test as Harrington's prior theft and burglary convictions involved dishonesty and were therefore admissible under rule 5.609(*a*)(2). We agree. *Axiotis* is overruled to the extent it suggests the balancing test articulated in rule 5.609(*a*)(1) applies to prior convictions that involve dishonesty or false statement under rule 5.609(*a*)(2). Accordingly, we affirm the court of appeals decision as to this issue, and we affirm the district court's admission of Harrington's prior convictions for impeachment purposes. The court of appeals decision remains the final disposition of Harrington's other claims.

## I. Background Facts and Proceedings.

The State charged Wendell Harrington by trial information with eluding, first and second-degree theft, three counts of burglary, and ongoing criminal conduct, all enhanced as a habitual offender. The charges stemmed from a series of home burglaries that occurred in the early morning hours of June 14, 2008. Harrington pleaded not guilty.

Prior to trial, Harrington filed a motion in limine seeking to prevent the State from admitting his prior theft and burglary convictions at trial. The district court conducted a hearing on the motion in limine. The court first confirmed the State was not intending to use Harrington's prior convictions in its case in chief. The district court next addressed the State's ability to use Harrington's prior convictions to impeach Harrington in the event he elected to testify at trial. Without ruling on each specific prior conviction, the district court distinguished between prior felony convictions and those prior convictions involving dishonesty. The district court stated, "[I]n general, what I allow the state to do if we're talking about a crime that does not involve dishonesty . . . [is to impeach with the conviction but not specify the crime] . . . [and] if we're talking about a crime of dishonesty, then I do allow [the State] to tell the jury what the crime was." The matter proceeded to a jury trial.

At the close of the State's case in chief, and shortly before Harrington testified, the district court reiterated that the State could impeach Harrington with his prior convictions if the convictions were for crimes of dishonesty. The State received confirmation from the district court that Harrington's prior convictions for burglary and theft were crimes of dishonesty. The district court performed no balancing analysis in making its decision to admit Harrington's prior convictions for impeachment purposes. Harrington elected to testify, and in his direct

examination he disclosed he had been previously convicted of some felonies. On cross-examination, the State clarified that Harrington's prior felonies were for theft and burglary.

The jury found Harrington guilty on all charges. The district court sentenced Harrington to twenty-five years for ongoing criminal conduct, and fifteen years for each of the remaining six convictions. The sentences were to be served consecutively. Harrington timely filed a notice of appeal. The appeal was transferred to the court of appeals. The court of appeals reversed Harrington's conviction for ongoing criminal conduct, affirmed his other convictions, and preserved his ineffective-assistance claim for postconviction relief. Harrington petitioned for further review. We granted further review solely to consider whether the district court properly admitted Harrington's prior convictions under Iowa Rule of Evidence 5.609.

## II. Standard of Review and Error Preservation.

We generally review evidentiary claims for an abuse of discretion. *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). A court abuses its discretion when its discretion is based upon erroneous application of the law or not supported by substantial evidence. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000). Harrington preserved error on the district court's in limine ruling by disclosing his prior convictions in his direct examination. *State v. Daly*, 623 N.W.2d 799, 801 (Iowa 2001) (holding a defendant preserves error to appeal a district court's in limine ruling allowing the impeachment use of prior convictions when the defendant affirmatively discloses his prior convictions on direct examination).

### III. Application of Iowa Rule of Evidence 5.609.

Iowa Rule of Evidence 5.609 controls the admissibility of prior convictions for impeachment purposes. The rule states:

> *a. General rule.* For the purpose of attacking the credibility of a witness:
>
> (1) Evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to rule 5.403, if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Iowa R. Evid. 5.609. Harrington alleges the district court must always perform the balancing described in rule 5.609(*a*)(1), regardless of whether the prior conviction falls within the scope of rule 5.609(*a*)(1) or (*a*)(2). Thus, Harrington contends the district court abused its discretion when it failed to make a record of its balancing of the prejudicial and probative effect of Harrington's prior convictions. The State argues the district court is not required to apply the balancing test articulated in rule 5.609(*a*)(1) to crimes within the scope of rule 5.609(*a*)(2), and that Harrington's prior theft and burglary convictions come within the scope of rule 5.609(*a*)(2). We set out to resolve this dispute.

**A. Admissibility Under Rule 5.609(*a*)(2).** We have reviewed whether "the trial court properly balanced the probative value of admitting [a prior conviction] against its prejudicial effect, as required by Iowa rule of evidence [5.]609(*a*)(1)" even when the prior conviction came within rule 5.609(*a*)(2), creating the impression that the balancing test articulated in rule 5.609(*a*)(1) applies to prior convictions that involve dishonesty or false statement under rule 5.609(*a*)(2). *Axiotis*, 569 N.W.2d

at 816. In *Axiotis*, the defendant tried to prevent the State from impeaching him with his prior conviction for false use of a financial instrument. 569 N.W.2d at 815. False use of financial instruments is a crime that involves "dishonesty or false statement" and comes within the scope of rule 5.609(*a*)(2). *See* Fed. R. Evid. 609 note to subdivision (a) (1974). ("By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi . . . .").[1] In resolving the dispute in *Axiotis*, we applied the balancing test articulated in rule 5.609(*a*)(1) to determine if the defendant's rule 5.609(*a*)(2) prior conviction was admissible. 569 N.W.2d at 816. Thus, *Axiotis* creates a framework where the district court must always balance the probative and prejudicial value of a witness's prior conviction before admitting the prior conviction for impeachment purposes. *Axiotis'* framework, however, is incorrect.

The plain language, policy, and legislative history of rule 5.609(*a*) all demonstrate the balancing test articulated in rule 5.609(*a*)(1) does not apply to convictions that are within the scope of rule 5.609(*a*)(2). First, rule 5.609(*a*)(2) is phrased as a mandatory command: "Evidence that any witness has been convicted of a crime *shall* be admitted if it involved dishonesty or false statement." Iowa R. Evid. 5.609(*a*)(2) (emphasis added). On its face, the rule's language leaves the district court no discretion. In contrast, rule 5.609(*a*)(1) contains discretionary balancing

---

[1]Iowa R. of Evid. official comment (1983) ("Since many of the Iowa Rules here recommended are modeled after the Federal Rules of Evidence, it is contemplated that judges and lawyers will look for guidance to the United States Supreme Court Advisory Committee Notes."); s*ee also State v. Paredes*, 775 N.W.2d 554, 561 (Iowa 2009) (holding when our rule of evidence is identical in all relevant aspects to its federal counterpart, "interpretations of the federal rule are often persuasive authority for interpretations of our state rule").

language, but does not limit the scope of its application to crimes that involve dishonesty or false statement. Thus, the plain language of rule 5.609(*a*) creates a two-prong analysis for prior convictions: (*a*)(1) governs felony crimes generally and vests the district court with discretion in admitting prior convictions, while (*a*)(2) applies only to crimes involving dishonesty or false statement and requires the automatic admissibility of these prior convictions for impeachment purposes.

Second, this two-prong approach is supported by policies underlying rule 5.609(*a*). In allowing the use of prior convictions for impeachment purposes, rule 5.609 attempts to balance competing interests. Prior convictions may be relevant to determine the truthfulness of a witness's testimony; however, prior convictions also create potential for prejudice to the defendant. *See State v. Parker*, 747 N.W.2d 196, 205–06 (Iowa 2008) (noting that prior convictions "cast light on the probability for truthfulness" while also creating prejudicial danger). For example, prejudice occurs if the fact finder affords undue significance to a witness's prior convictions that are nonserious, dated, or remote. The accused also faces the acute prejudicial risk that if he is impeached with a similar prior conviction, then the jury may assume the defendant's guilt because he previously committed a similar crime. *See State v. Hackney*, 397 N.W.2d 723, 726 (Iowa 1986). Thus, the balancing test articulated in rule 5.609(*a*)(1) vests the district court with discretion to ensure a witness's prior conviction has sufficient impeachment value to merit its potential prejudicial risks to the accused. The plain language of rule 5.609(*a*)(2), however, leaves the district court no similar discretion. Rule 5.609(*a*)(2) reflects the judgment that prior convictions involving dishonesty or false statement are always sufficiently relevant to

the truthfulness of the witness's testimony that protections against jury misuse of the prior-conviction evidence is not necessary.[2]

The legislative history accompanying the original Federal Rule of Evidence 609 confirms the above reading is proper.

> The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.

Fed. R. Evid. 609 note to subdivision (a) (1974); *see also* Iowa R. Evid. official comment (1983) (stating it is appropriate for court to consider federal advisory notes for guidance). Moreover, federal courts do not apply probative-versus-prejudice balancing to crimes involving dishonesty or false statement under federal rule 609, a rule nearly identical to rule 5.609. Instead, convictions involving dishonesty or false statement are automatically admissible. *See, e.g., United States v. Estrada*, 430 F.3d 606, 614, 621 (2d Cir. 2005); *Walker v. Horn*, 385 F.3d 321, 333 (3d Cir. 2004); *United States v. Tracy*, 36 F.3d 187, 192 (1st Cir. 1994); *State v. Morrow*, 977 F.2d 222, 228 (6th Cir. 1992).

---

[2]Iowa Rule of Evidence 5.403 states "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The original version of the Federal Rule of Evidence 609 left it unclear whether the Federal Rule 403 balancing applied to crimes of dishonesty or false statement. 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.04[[1]], at 609–21 (Joseph M. McLaughlin ed., 2d ed. 2009) [hereinafter *Weinstein*]. Most courts held Rule 403 was inapposite to crimes of dishonesty or false statement under Rule 609. *See, e.g., Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 525–26, 109 S. Ct. 1981, 1993, 104 L. Ed. 2d 557, 573 (1989). Congress amended Rule 609(a) in 1990 to refer to Rule 403 in subpart (a)(1), but not in subpart (a)(2), thereby endorsing the judicial determination that Rule 403 did not apply to crimes of dishonesty or false statement. *Weinstein* § 609.04[[1]], at 609–22. Similarly, in 1995 we amended rule 5.609(*a*) to mirror the then-existing Federal Rule. Our amendment clarified that rule 5.403 did not apply to crimes of dishonesty or false statement within the scope of rule 5.609(*a*)(2).

For the reasons stated above, we hold Iowa Rule of Evidence 5.609(*a*)(2) gives the district court no discretion to exclude a witness's prior conviction if it involves dishonesty or false statement. Prior convictions that involve dishonesty or false statement are automatically admissible for impeachment purposes.[3] To the extent *Axiotis* suggests otherwise, it is overruled.

**B. Crimes Within the Scope of 5.609(*a*)(2).** If Harrington's theft and burglary crimes are within the scope of rule 5.609(*a*)(2), then the district court did not err by admitting his prior convictions for impeachment purposes without performing any balancing analysis. Our common law cases have repeatedly held theft and burglary with the intent to commit theft are crimes of dishonesty. *See, e.g., State v. Latham*, 366 N.W.2d 181, 184 (Iowa 1985); *State v. Willard*, 351 N.W.2d 516, 518 (Iowa 1984); *State v. Zaehringer*, 325 N.W.2d 754, 756 (Iowa 1982); *State v. Miller*, 229 N.W.2d 762, 769–70 (Iowa 1975). We originally reasoned that theft falls within the plain meaning of the term dishonesty, and we quoted former Chief Justice Burger, then on the United States Court of Appeals for the District of Columbia Circuit, in observing " '[i]n common human experience acts of deceit, fraud, cheating, or *stealing*, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity.' " *Miller*, 229 N.W.2d at 769 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)) (emphasis added). It has been settled law in this state that convictions for theft and burglary with intent to commit theft are crimes of dishonesty.[4] Harrington makes no contention his prior theft and

_____

[3]The district court still may consider valid and legitimate objections to the admissibility of crimes of dishonesty or false statements that are unrelated to the rule 5.609(*a*) probative-versus-prejudice determination.

[4]We are aware that our longstanding construction of the term "dishonesty" is derived from common law cases predating our adoption of the Iowa Rules of Evidence in

burglary convictions are not crimes of dishonesty or false statement under rule 5.609($a$)(2). Thus, we find Harrington's prior convictions fall within the scope of rule 5.609($a$)(2).

### IV. Disposition.

Because Harrington's prior convictions fall within the scope of rule 5.609($a$)(2), the convictions are automatically admissible for impeachment purposes. The district court had no discretion to deny the use of Harrington's prior convictions for impeachment, and thus the district court had no duty to apply the balancing test articulated in rule 5.609($a$)(1). The district court did not abuse its discretion in permitting the State to impeach Harrington with his prior convictions for theft and burglary with the intent to commit theft. We therefore affirm both the court of appeals decision and the district court ruling.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Mansfield, J., who takes no part.

---

1983. We also recognize that the legislative history associated with Federal Rule of Evidence 609, states the term "dishonesty or false statement"

> means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

Fed. R. Evid. 609 note to subdivision (a) (1974). Many federal and state courts have wrestled with and reached different results as to whether theft and burglary convictions are crimes that per se "involve dishonesty or false statement" under the framework of Federal Rule of Evidence 609 and corresponding state rules. *Compare United States v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005) ("While much successful crime [such as theft] includes some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement . . . ."); *United States v. Mejia-Alacron*, 995 F.2d 982, 989 (10th Cir. 1993) (holding felony theft is not automatically a rule 609(a)(2) crime), *with State v. Page*, 449 So. 2d 813, 816 (Fla. 1984) (holding theft is per se a crime that involves "dishonesty or false statement"); *People v. Spates*, 395 N.E.2d 563, 568 (Ill. 1979) (same). We reserve this potential issue for a case where it is properly argued.