# IN THE COURT OF APPEALS OF IOWA

No. 15-0318
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS LEE DENNEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, Judge.

Travis Lee Denney appeals his conviction of indecent exposure in violation of Iowa Code section 709.9 (2013). **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin R Cmelik and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Travis Lee Denney appeals his conviction of indecent exposure in violation of Iowa Code section 709.9 (2013). Denney raises two issues on appeal: (1) the district court abused its discretion in denying Denney's motion for mistrial when the court referred to Denney's attorney as a public defender and (2) the district court abused its discretion in ruling Denney's prior theft convictions were admissible for impeachment purposes in the event Denney testified.

## I. Background Facts and Proceedings

On August 25, 2014, both Denney and Krista Zahner were in the parking lot of a Target store in Waterloo, Iowa. At trial, Zahner testified that, when returning to her car from putting her cart in the cart corral, Denney drove his car up next to the driver's side of Zahner's vehicle. As Zahner was getting into her vehicle, she caught a glimpse of Denney's penis in a side-view mirror. Zahner testified Denney yelled, "Hey," at her a couple of times and then yelled, "Excuse me." When Zahner turned to look at Denney, she saw that he was masturbating. Zahner testified, "[Denney's] [p]ants were unbuttoned and unzipped. The penis was out. It was erect, and he was stroking it." Zahner identified Denney from a photo array; Denney was subsequently arrested for indecent exposure, a serious misdemeanor.

At trial, Denney was represented by a public defender. During voir dire, the court introduced Denney's counsel as a member of the public defender's office. Following jury selection, Denney's counsel moved for a mistrial based on that reference, which the court denied.

At the close of the State's case, Denney's counsel indicated Denney would take the stand and objected to the admission of Denney's prior theft convictions for impeachment purposes. The court overruled the objection, and Denney testified about the convictions on direct examination.

The jury found Denney guilty. Denney appeals.

## II.      Standard and Scope of Review

We review the district court's denial of a motion for mistrial for an abuse of discretion. *See State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006). "A mistrial is appropriate when 'an impartial verdict cannot be reached' or the verdict 'would have to be reversed on appeal due to an obvious procedural error in the trial.'" *Id.* (citation omitted). "The pertinent question here is whether the trial court was clearly unreasonable in concluding an impartial verdict could be reached notwithstanding" reference to Denney's counsel as being a public defender. *Id.*

We review evidentiary rulings for abuse of discretion. *See State v. Harrington*, 800 N.W.2d 46, 48 (Iowa 2011). "A court abuses its discretion when its 'discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014) (quoting *State v. Long*, 814 N.W.2d 572, 576 (Iowa 2012)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013)). Even if an abuse of discretion has occurred, "reversal will not be warranted if error was harmless." *State v. Reynolds*, 765 N.W.2d 283, 288 (Iowa 2009).

### III. Analysis

### A. Reference to Counsel as Public Defender

During voir dire, the district court introduced the attorneys to the potential jury members, identifying defense counsel as a member of the public defender's office. Following jury selection, defense counsel moved for a mistrial, arguing "any reference to the defendant's financial status through them having court-appointed counsel is inherently prejudicial to the defendant." Defense counsel admitted the statement by the court was a "passing reference" but argued there was no probative value to the statement and, thus, it was outweighed by the inherent prejudice, citing Iowa Rule of Evidence 5.403. Employing the balancing approach under rule 5.403, the district court denied the motion for mistrial.

On appeal, Denney makes two arguments: (1) the district court's use of the balancing test was improper, because the statement was not evidence, relevant, nor possessing any probative value, and (2) the court improperly found there was "no inherent prejudice" in introducing defense counsel as a member of the public defender's office. The State responds: (1) the district court looked to rule 5.403 only for guidance, not as the sole basis for its decision, and did so at the direction of defense counsel, and (2) the reference was not inherently prejudicial and, even if it were, it does not entitle Denney to a mistrial.

In support of his argument, Denney relies upon two cases, *State v. Sallis*, 574 N.W.2d 15 (Iowa 1998), and *State v. Roghair*, 353 N.W.2d 433 (Iowa Ct. App. 1984), neither of which are directly on point. In *Sallis*, the defendant argued he was prejudiced by the admission of his application for appointment of counsel as evidence. 574 N.W.2d at 16. Because the statement was admitted as

evidence, the supreme court considered its relevance and whether the probative value of the evidence was outweighed by the prejudicial effect. *Id.* at 17. The *Sallis* court was "unwilling to adopt [a] bright line rule" that "evidence showing a defendant is represented by appointed counsel is by its very nature prejudicial." *Id.* The court concluded, "[i]n the proper case a defendant's affidavit of financial condition might prove crucial to establishing the elements of the offense charged." *Id.*

Similarly, in *Roghair*, the challenged issue was the admission of evidence—specifically, questions regarding the defendant's financial status as reflected on his affidavit of indigency. 353 N.W.2d at 434. The court concluded "[t]he evidence was irrelevant and immaterial to any matters in issue." *Id.* at 435.

Here, the challenge is not based upon an admission of evidence. There was no *evidence* presented that Denney's counsel was a public defender or that he was in any other way indigent, nor was an evidentiary challenge or ruling made. Instead, at issue is a "passing reference" made by the district court before the jury was impaneled. "The pertinent question is whether the trial court was clearly unreasonable in concluding an impartial verdict could be reached notwithstanding" this statement. *Newell*, 710 N.W.2d at 32.

Numerous courts outside this state have considered this question and, based on the circumstances and applicable standards, found references to defense counsel as a public defender did not necessitate a mistrial, *see e.g.*, *Landreth v. State*, 960 S.W.2d 434, 439 (Ark. 1998) (affirming the denial of mistrial, reasoning "[a]ny prejudice caused by reference to defense counsel as 'public defenders' is speculative at best"); *State v. Fayne*, No. W2012-01488-

CCA-R3-CD, 2013 WL 8844096, at *7 (Tenn. Crim. App. July 2, 2013) (affirming denial of mistrial where prosecutor introduced himself as "with the district attorney's office" and then introduced defense counsel as "with the public defender's office" to the venire members); *Commonwealth v. Palm*, 903 A.2d 1244, 1247 (Pa. Super. Ct. 2006) ("[A]ny reference to counsel as the public defender is insignificant and does not violate equal protection." (citation omitted)); *People v. Dembry*, 91 P.3d 431, 436 (Colo. App. 2003) ("[W]e cannot conclude that defendant was unfairly prejudiced when the prosecution's expert witness referred to defense counsel as the public defender.   Defendant offers no evidence or authority for the proposition that being represented by the public defender's office is prejudicial in any way."), particularly where the reference was isolated or innocently made, *see, e.g.*, *State v. Atkinson*, 774 N.W.2d 584, 596 (Minn. 2009) ("As for the public defender reference, the witness's offhand remark that an investigator gathering evidence related to the case worked for the 'Public Defender's Office' was indirect and fleeting, and any prejudice attributable to the comment was insignificant."); *State v. Reed*, 2008 WL 4901297, at *6 (N.J. Super. Ct. App. Div. Nov. 17, 2008) (per curiam) ("Even if the mention of the Public Defender's Office can be viewed as error, it is no doubt harmless error.  In light of [the evidence], we do not find that the mere one-time mention of the Public Defender's Office could be capable of influencing the jury's ultimate decision." (citation omitted)); *People v. James*, 117 P.3d 91, 96 (Colo. App. 2004) ("[W]e conclude that the witness's fleeting reference here to 'the public defender' did not substantially prejudice defendant."); *People v. Tabata*, No. B168099, 2004 WL 859188, at *7 (Cal. Ct. App. Apr. 22, 2004) ("In this case, the minimal

reference to the public defender was innocently made by a witness without accompanying implication that defendant's poverty dictated a need either for public representation or motive for the robberies."); *State v. Williams*, 458 So. 2d 1315, 1342 (La. Ct. App. 1987) ("[T]wo brief references to the public defender's office did not affect defendant's right to a fair trial.").[1]

The court's single comment, though not well-advised, was prior to the commencement of trial and merely an introduction of the parties. It was not evidence to be considered by the jury. We acknowledge "the trial court is in a better position than this court 'to gauge the effect of the [statement] on the jury.'" *State v. Hunt*, 801 N.W.2d 366, 373 (Iowa Ct. App. 2011) (citation omitted). We conclude this isolated reference alone did not preclude an impartial verdict; thus, the district court did not abuse its broad discretion in denying the motion for mistrial. *See State v. Brown*, 397 N.W.2d 689, 699 (Iowa 1986) ("Trial court has broad discretion on ruling on motions for mistrial.").

---

[1] Courts have also reasoned that such a comment can be cured by timely admonishment by the court, *see, e.g.*, *Ploof v. State*, 856 A.2d 539, 547 (Del. 2004) (affirming trial court's denial of mistrial where the prosecutor referred to defense counsel as public defender, despite the reference implicating a central issue in the case—the defendant's resources—because the reference was cumulative and the judge took immediate mitigating steps); *Jackson v. State*, 698 N.E.2d 809, 812 (Ind. Ct. App. 1998) ("While we agree that the prosecutor's remark [identifying defense counsel as a public defender] was improper, the trial court's admonishment to the jury cured any harm that may have inured to [the defendant]."), that a mistrial is not warranted where the other evidence admitted demonstrates the statement did not contribute to the conviction, *see, e.g.*, *State v. Huntsman*, 199 P.3d 155, 165 (Idaho Ct. App. 2008) (finding, based on the evidence presented at trial, "there is no reasonable possibility that the jury's knowledge that [the defendant] was being represented by a public defender contributed to his conviction"), and that a finding of prejudice is precluded where the defendant invited the response, *see, e.g.*, *State v. Handwork*, 2004-Ohio-6181, at ¶ 49, 2004 WL 2648011, at *5 (Ohio Ct. App. Nov. 19, 2004) (finding the defendant failed to show he suffered prejudice as a result of a witness's inadvertent reference to the public defender's office where the defendant's counsel had elicited the response).

### B. Prior Theft Convictions

The admission of prior convictions for impeachment purposes is governed by Iowa Rule of Evidence 5.609. *See Harrington*, 800 N.W.2d at 48-49. Rule 5.609 provides, in relevant part, that "[e]vidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment" in order to "attack[] the credibility of [that] witness." Iowa R. Evid. 5.609(a).

Denney contends the district court erred in finding the theft convictions were inherently dishonest acts as neither of the shoplifting incidents involved theft "by fraudulent or deceitful means."

Historically, "[o]ur common law cases have repeatedly held theft and burglary with the intent to commit theft are crimes of dishonesty." *Harrington*, 800 N.W.2d at 51 (listing cases). However, "our longstanding construction of the term 'dishonesty' is derived from common law cases predating our adoption of the Iowa Rules of Evidence in 1983." *Id.* at 51 n.4. Our supreme court has not ruled on whether this historical interpretation of "dishonesty" is equally applicable to rule 5.609. *See id.*

When previously presented with this issue, this court reasoned "we do not believe that we, as an intermediate appellate court, are at liberty to overturn longstanding precedent from the Iowa Supreme Court consistently recognizing theft as a crime that per se involves dishonesty." *See State v. O'Neal*, No. 11-0915, 2012 WL 4513809, at *5 (Iowa Ct. App. Oct. 3, 2012). We also noted "that this precedent is at odds with the federal courts' narrow interpretation of the rule." *Id.* Ultimately, we declined to predict "which path our supreme court will follow"

because the admission of the theft conviction did not result in prejudice. *Id.* at *7 ("[W]e do not believe a substantial right of [the defendant] was affected by the admission of his alibi witness's fifth-degree theft conviction.").

"Reversal is not required for the erroneous admission of evidence unless prejudice results." *State v. Rodriquez*, 636 N.W.2d 234, 244 (Iowa 2001); *see also* Iowa R. Evid. 5.103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."); *State v. Redmond*, 803 N.W.2d 112, 127 (Iowa 2011). "We presume prejudice under this approach, unless the contrary is affirmatively established." *State v. Parker*, 747 N.W.2d 196, 209 (Iowa 2008). "When a nonconstitutional error is claimed, as in this case, the test is whether the rights of the objecting party have been 'injuriously affected by the error' or whether the party has 'suffered a miscarriage of justice.'" *Id.* (citation omitted). "[W]here the other evidence overwhelmingly establishes the defendant's guilt, we have applied the harmless error doctrine." *Rodriquez*, 636 N.W.2d at 244; *see also State v. Caples*, 857 N.W.2d 641, 648 (Iowa Ct. App. 2014).

At trial, Denney admitted he was in the Target parking lot at the time at issue, he stopped "near the end of the parking lot, and there was only one car," and Zahner saw him. Zahner testified Denney called out to her, was masturbating, and responded to her expression of disgust by smiling and continuing to masturbate. While admitting he had unzipped his pants and his hands were inside of his pants, Denney explained he was simply relieving himself of an itch.

In addition to this evidence, Denney testified about his prior convictions in his case in chief, as a result of the district court's ruling.

> Q. Now, have you ever been convicted of any crime before?
> A. Yes. I have two thefts.
> Q. And when were those? A. They were August—in the 20th. I'm not sure which day, but I know it was in August.
> Q. And what year? A. 2013.
> Q. And what was your situation at the time? A. My wife was just found out to be pregnant, and we had no food, and food stamps was having a mess-up, so we didn't have food for a month, and I needed to have food for her.

The prior convictions were not addressed by the State on cross-examination. Based on the evidence presented at trial establishing Denney's guilt and the brief testimony provided on Denney's prior convictions that largely pertained to the mitigating circumstances of those thefts, we cannot find Denney was injuriously affected by any potential error or that he suffered a miscarriage of justice.

## IV. Conclusion

For the foregoing reasons, we affirm Denney's conviction.

**AFFIRMED.**