# IN THE COURT OF APPEALS OF IOWA

No. 16-0965
Filed July 19, 2017

IN RE THE MARRIAGE OF MELINDA S. RATH
AND KEITH A. RATH

Upon the Petition of
MELINDA S. RATH,
        Petitioner-Appellee,

And Concerning
KEITH A. RATH,
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Benton County, Ian K. Thornhill,

Judge.


        The husband appeals from the dissolution decree.  **AFFIRMED.**


        Keith A. Rath, Shellsburg, appellant pro se.

        Caitlin L. Slessor and Kerry A. Finley of Shuttleworth & Ingersoll, P.L.C.,

Cedar Rapids, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Keith Rath appeals from the decree dissolving his marriage to Melinda Rath. While Keith raises a number of issues on appeal, his main contention is that the district court should not have awarded the parties' marital home to Melinda in order for her to sell it. Melinda asks us to affirm the decree as issued by the district court and to award her $5000 in appellate attorney fees.

Insofar as Keith raises a justiciable issue, we review "a decree granting dissolution of marriage [and] determining property rights . . . de novo." *In re Woodward's Marriage*, 229 N.W.2d 274, 276–77 (Iowa 1975).

A number of issues Keith raises were either not decided against him or were not preserved for our review. He claims the court should not have believed Melinda's testimony that her father provided approximately $44,000 in gifts to the parties in order to help with the construction of their home. We note the court did mention the gifts, but the court noted Melinda testified her father "gave the money to *us,*" so the court did not set aside the funds as nonmarital assets. *See* Iowa Code § 598.21(6) (2015) (stating property or gifts received by either party is not subject to property division except upon a finding that refusal to divide it is inequitable). The court's reference to the gifts, without further action, is not an adverse ruling against Keith, and we do not consider it further.

Next, Keith maintains the court should have allowed him to introduce an exhibit, which he claimed was a copy of a page that had been filed with the recorder's office and contained a notarized example of Melinda's signature. After an objection by Melinda, the court ruled there was nothing within the exhibit that made it self-authenticating, and thus, there was insufficient foundation for the

exhibit to be admitted. Keith did not make an offer of proof at the time the court excluded his evidence, so his claim is not preserved. *See In re Marriage of Daniels*, 568 N.W.2d 51, 55 n.2 (Iowa Ct. App. 1997) ("[W]e recognize an offer of proof is necessary to preserve error in the exclusion of evidence."). Moreover, Keith has failed to make a legal argument concerning the alleged error made by the district court in determining the exhibit was inadmissible. "Pro se or not, parties to an appeal are expected to follow applicable rules. . . . Pro se parties receive no preferential treatment." *State v. Martin*, No. 11-1621, 2012 WL 45138921, at *5 (Iowa Ct. App. Oct. 3, 2012) (citing *Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000)).

Similarly, Keith maintains the court allowed Melinda more latitude in testifying about issues pertaining to Keith's credibility and lack of honesty than the court gave him in his testimony. The court allowed Melinda to testify about Keith's conviction for filing fraudulent tax returns, which occurred in 2013. The court was required to do so. *See* Iowa R. Evid. 5.609(a)(2) (stating "evidence [of any crime] must be admitted if the crime involved dishonesty or false statement"); *State v. Harrington*, 800 N.W.2d 46, 51 (Iowa 2011) ("[W]e hold Iowa Rule of Evidence 5.609(a)(2) gives the district court no discretion to exclude a witness's prior conviction if it involves dishonesty or a false statement. Prior convictions that involve dishonesty or false statement are automatically admissible for impeachment purposes."). The court did not allow Keith to expand upon his testimony that Melinda had committed a forgery twenty-five years earlier for which she had not been convicted and for which it appeared Keith may have received a conviction, as he testified, "And I took all the blame. I took 100

percent of the blame on it because I just didn't want to see her get in trouble, get problems with it." Additionally, when Keith began testifying about the school and attendance records of the parties' minor child, the court reminded Keith the parties had already stipulated to all issues concerning the care and custody of the child and the court would not be considering that issue. Keith has neither made a legal argument nor offered any authority to support these purported errors, and we will not consider them further. Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Finally, Keith takes issue with the court's award of the marital home to Melinda. In the decree, the court stated:

> The Court finds [Melinda] should be awarded the property to sell within a year and be allowed to keep all proceeds from the sale up to one-half of the net proceeds that would have been realized but for [Keith's tax] liens. Additionally, if execution of the liens results in more than one-half of the net proceeds of the sale being used to satisfy the liens, [Keith] shall, within 120 days of the sale being final, repay [Melinda] for the portion of her one-half share of net equity that went to pay the liens.

Keith does not contest that the marital home has a number of IRS liens attached to it due to his criminal activities, and he conceded at trial that he should bear the sole responsibility in discharging them. Rather, Keith maintains he should have been allowed to pay Melinda for her half of the home and keep the property if he could obtain financing. Alternatively, he complains Melinda was the party who was allowed to be responsible for selling the home, and he maintains the court should have "dictated parameters" to the sale.

Insofar as Keith claims he should have been allowed to purchase the marital home, we see nothing in the dissolution decree that would prevent him from doing so. We do not believe it is inequitable to allow Melinda to be the party who sells the marital home, and none of Keith's attacks of Melinda's character or integrity have convinced us otherwise. Finally, Keith has claimed the district court should have included "parameters" in the sale of the home, but the only parameter Keith has explicitly complained was lacking was the court's failure to order him to vacate the home before Melinda places the home on the market. We see no reason to remand for modification of the dissolution decree.[1]

Melinda asks us to award her $5000 in appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)). Here, the record does not establish that Keith has the ability to pay Melinda's attorney fees. Additionally, Melinda was not required to file an appellate brief. *See* Iowa R. App. P. 6.903(3) ("The appellee shall file a brief or a statement waiving the appellee's brief."). We decline to award Melinda appellate attorney fees. We affirm.

**AFFIRMED.**

---

[1] Although the better practice would be to fix a date when Keith was required to vacate the residence, by awarding the marital home to Melinda to sell the residence, the court gave Melinda the option to seek a judgment of possession in accordance with Iowa Code Chapter 648—if the parties were otherwise unable to agree to a date.