**IN THE COURT OF APPEALS OF IOWA**

No. 17-1680
Filed December 19, 2018

**UNDRAY JERMAINE REED,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

A petitioner appeals the dismissal of his application for postconviction relief.

**AFFIRMED.**

Agnes G. Warutere of Warutere Law Firm, P.L.L.C., Clive, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Undray Jermaine Reed appeals the district court's denial of his application for postconviction relief (PCR). He claims his trial counsel was ineffective by not objecting to the prosecutor's questioning on cross-examination of Reed's prior criminal convictions of theft, burglary, and a "felony."

We review ineffective-assistance-of-counsel claims de novo. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *Id.* The defendant must prove both prongs by a preponderance of the evidence. *Id.* at 196.

We summarized the facts behind Reed's conviction on direct appeal:

> Facing a possible prison sentence in June 2015, Reed and his pit bull, Bossie, moved in with his mother and her fiancé. Reed's mother also owned a dog, a Boston Terrier mix named Chloe. Seeing how his mother disciplined Chloe, Reed was worried about Bossie's care: "I've raised the dog since she was a puppy, and I wanted to leave her in the best possible hands." When Reed confronted his mother about her treatment of Chloe, she told him: "Well, you and your dog can get the f**k out."
> According to Reed's mother, he then threw an electric fan at her and punched her in the face. As her fiancé struggled to intervene, Reed head-butted his mother. Reed claimed he was acting in self-defense after his mother grabbed the front of his shirt. Reed also claimed his mother threw a lamp at him. Police responded to the scene and arrested Reed. Reed's mother suffered swelling to her head.

*State v. Reed*, No. 16-0448, 2017 WL 104939, at *1 (Iowa Ct. App. Jan. 11, 2017). A jury convicted Reed of domestic abuse assault causing bodily injury. *See* Iowa Code § 708.2A(3)(b) (2015). We affirmed his conviction, but we preserved issues related to the admission of his prior convictions for PCR proceedings. *See Reed*, 2017 WL 104939, at *4.

Prior to Reed testifying in his criminal trial, the State sought clarification on the admissibility of his prior convictions for impeachment. Reed had a conviction for theft in 2007, three convictions for third-degree burglary in 2009, and a felony conviction for possession of a controlled substance, third or subsequent offense, in 2009. Reed's trial counsel conceded the theft and burglary convictions were admissible as crimes of dishonesty within the last ten years, and he permitted admission of the felony conviction as long as the State did not specify the kind of felony. Accordingly, on cross-examination and for purposes of impeachment, the State asked Reed if he had been previously convicted of theft, three counts of third-degree burglary, and a "felony."

Regarding the "felony" conviction, Reed's trial counsel acknowledged for this proceeding that he should have required the trial court to weigh whether attempting to impeach Reed's testimony by mentioning his prior felony was more prejudicial than probative.[1] *See* Iowa R. Evid. 5.609 (2015). However, his trial counsel also believed the district court would have admitted the conviction regardless. With this reflection on the trial testimony, the PCR court found no breach of duty. We agree.

---

[1] Iowa Rule of Evidence 5.609 at the time provided in part:
> a. *General rule.* For the purpose of attacking the credibility of a witness:
>> (1) Evidence . . . that an accused has been convicted of such a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>> (2) Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Furthermore, the PCR court found no prejudice resulted from the introduction of the word "felony" alone. Additionally, Reed on direct examination acknowledged he "was facing a possible prison sentence" before the altercation and he wanted to leave his dog "in the best possible hands." Because Reed introduced the fact that he was facing prison time, the jury could have put two and two together so that the prosecutor's later mention of a felony did not work to Reed's prejudice. Therefore, we agree with the PCR court that the use of Reed's "felony" for impeachment did not cause prejudice.

Regarding the theft and burglary convictions, Reed asserts his trial counsel breached an essential duty by failing to object to the admission of these convictions. He posits that neither crime involved "dishonesty or a false statement" under Rule 5.609(a)(2). He reasons, "although Iowa has traditionally treated theft and burglary as crimes of dishonesty," there is a split of authority in other jurisdictions and the federal circuits and our supreme court left open the question in *State* v *Harrington,* 800 N.W.2d 46, 52 n.4 (Iowa 2011)*.* However, as the State points out, the "open" question in *Harrington* was only our supreme court's refusal to sort out the disparity of interpretations between the various state and federal courts. *See Harrington*, 800 N.W.2d at 52 n.4. Nothing in *Harrington* undermined controlling Iowa case law, stemming from common law, that burglary and theft are crimes reflecting adversely on a person's "honesty and integrity." *See id.* at 51–52 ("It has been settled law in this state that convictions for theft and burglary with intent to commit theft are crimes of dishonesty."). Moreover, *Harrington* left no question that the mention of such crimes to impeach an accused's credibility did not require the court to engage in a balancing test prior to introduction of the

information. *Id.* at 51 (overruling *State v. Axiotis*, 569 N.W.2d 813 (Iowa 1997) and finding, "Prior convictions that involve dishonesty or false statement are automatically admissible for impeachment purposes").

We therefore conclude the district court properly denied Reed's application for postconviction relief.

**AFFIRMED.**