# IN THE COURT OF APPEALS OF IOWA

No. 19-1245
Filed September 22, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MARCO CARRILLO,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

Marco Carrillo appeals his convictions of two counts of sexual abuse in the second degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

Marco Carrillo appeals his convictions of two counts of sexual abuse in the second degree in violation of Iowa Code section 709.3(1)(b) (2016). He argues the State failed to prove beyond a reasonable doubt that a sex act occurred, contends a video interview was improperly admitted into the record, and raises multiple ineffective-assistance-of-counsel claims.

**I.      Background Facts and Proceedings**

This case arises from allegations of sexual abuse suffered by the child of E.S. E.S. and Carrillo met at their mutual place of employment in Davenport and began dating. During that time, Carrillo met and interacted with the child of E.S., both in the presence of E.S. and separately when Carrillo would babysit the child.

On July 5, 2016, the child, E.S., and Carrillo were watching a movie at the home E.S. and the child shared with E.S.'s parents. Carrillo was sitting between E.S. and the child, covered by blankets, with his arm around each. E.S. noticed the child move, and saw what she believed to be Carrillo's hand positioned over the child's genital region while under the blanket. The child then got up from the couch and left the room. E.S. followed and shortly thereafter questioned the child. When asked if Carrillo touched the child's "hoo-hoo,"[1] the child's demeanor immediately changed. The mother testified that the child initially did not answer but eventually said "yes."

Approximately one year later, the child told an aunt about the allegations against Carrillo. The aunt contacted E.S. and the Iowa Department of Human

---

[1] This is the term the family used to reference the child's genitals.

Services (DHS), and law enforcement became involved. Over the course of investigation, the child reported other incidents of touching. The incidents occurred at the child's family home and Carrillo's home. When Carrillo appeared for an interview with the Davenport police, he consistently alleged that the child was the "aggressor." He said the incident on July 5 involved the child moving his hand toward her genitals, which he alleged happened on multiple prior occasions. Carrillo acknowledged that he should have reported the child's conduct to the mother, but he was not sure if E.S. would believe him or involve law enforcement.

The case proceeded to trial in December 2018 and ended in a mistrial. The case was tried a second time in May 2019. The jury convicted Carrillo of both counts of sexual abuse in the second degree. Carrillo appealed following the imposition of sentence.

## II. Standard of Review

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). When a defendant challenges a guilty jury verdict, we view the record "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). Our review asks if substantial evidence supports the jury verdict. *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006). "Evidence is considered substantial if, viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

Evidentiary rulings are reviewed for abuse of discretion. *State v. Nelson*, 791 N.W.2d 414, 419 (Iowa 2010). "When a trial court admits evidence on grounds

or for reasons clearly untenable or to an extent clearly unreasonable, the court has abused its discretion." *Id.* It is also an abuse of discretion for a court to engage in "erroneous application of the law." *State v. Harrington*, 800 N.W.2d 46, 48 (Iowa 2011).

## III. Discussion

### A. Ineffective-Assistance Claims

Carrillo argues his trial counsel was ineffective in failing to (1) request a limiting instruction barring the jury from considering statements made by the detective during his video interview and (2) failing to object to alleged prosecutorial misconduct. Carrillo argues both claims should be heard on direct appeal pursuant to his right to counsel under the Sixth Amendment to the United States Constitution.

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Iowa Code § 814.7 (Supp. 2019). Our supreme court has instructed that we must look to the date of judgment and sentence in a criminal case to determine whether the 2019 amendment to section 814.7, which took effect July 1, is applicable. *State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020). Here, although Carrillo's verdict was rendered in May 2019, judgment and sentence were not entered until July 19, 2019, making the amendment applicable. *See id.* Accordingly, we do not have the authority to consider Carrillo's ineffective-assistance claims on direct appeal.

B.     Sufficiency of the Evidence

Carrillo argues the State failed to prove he committed a sex act with the child.  Pursuant to Iowa Code section 709.3(1)(b), sexual abuse in the second degree occurs "when the person commits sexual abuse" and "[t]he other person is under the age of twelve."[2]  The jurors were instructed that the requisite sex-act element would be proved if the jury found beyond a reasonable doubt that there was "any sexual contact between the finger or hand of one person and the genitals or anus of another person."  *See* Iowa Code § 702.17(3).[3]  The jury was instructed to "consider the type of contact and the circumstances surrounding it in deciding whether the contact was sexual in nature."  As the factfinder, it was the jury's job to determine whether a sex act occurred.  *State v. Madsen*, 813 N.W.2d 714, 728 (Iowa 2012).

There is no dispute that Carrillo's hand came in contact with the child's genitals.  Carrillo has never denied that fact.  Even if the jury found Carrillo's testimony was credible, his own testimony was that his hand was placed on the child's genitals.  If the jury found the child was the most credible witness, then the jury could accept the child's testimony that Carrillo intentionally touched the child underneath clothing with no appropriate explanation.  The evidence presented at trial was sufficient to "convince a rational jury that [Carrillo was] guilty beyond a reasonable doubt."  *Nitcher*, 720 N.W.2d at 556.

---

[2] Section 709.3(1)(b) was amended, effective July 1, 2021, to provide second-degree sexual abuse occurs when "the other person is a child" as opposed to a person under the age of twelve.  2021 Iowa Acts ch. 37, § 3.

[3] Section 702.17(3) was also amended, effective July 1, 2021, to add contact of any other body part of one person with the genitalia or anus of another amounts to a sex act.  2021 Iowa Acts ch. 36, § 1.

C.      Video Interview Evidence

Carrillo argues the district court abused its discretion in admitting the video of his interview, which included inadmissible statements of the interviewing officer that were unnecessary to provide context to his own statements. The State argues Carrillo failed to preserve error on the argument that the statements are unnecessary to provide context to his own statements, pursuant to Iowa Rule of Evidence 5.106. During the first trial, Carrillo's counsel argued the interviewing officer's statements were hearsay, inappropriate, and bolstered the child's testimony. During the second trial, Carrillo's counsel incorporated the prior arguments by reference. It does not appear that any objection related to the contextual aspect of the detective's statements was ever made. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Although the district court received and ruled on the admissibility of the detective's statements on other grounds, no argument or ruling was made pursuant to Iowa Rule of Evidence 5.106. Accordingly, it is not preserved for our review. *Id.*

Carrillo otherwise targets the detective's statements in three ways: the statements (1) constituted misconduct, (2) are impermissible because there was no foundation to support the detective's status as an expert, and (3) led the jury to consider Carrillo's ultimate punishment.

Prosecutorial-error claims are subject to a two-part test requiring both (1) proof of misconduct and (2) proof that "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial." *State v. Graves*, 668

N.W.2d 860, 869 (Iowa 2003). Our supreme court has said it is improper for a prosecutor to ask a defendant whether another witness is lying. *Id.* at 873–74. But, Carrillo is asking this court to apply the standard of prosecutorial error to a witness and not a prosecutor. Carrillo argues the detective's statements regarding his veracity in the video should not have been admitted because they would have been impermissible for a prosecutor to ask during in camera examination. This court has said "[a]n officer's stated opinion that a defendant was not being truthful during an interview" that was not offered for impeachment does not invade the role of a jury. *State v. Vance*, No. 13-0082, 2014 WL 1714327, at *1 (Iowa Ct. App. Apr. 30, 2014). The detective's questions and statements on the video were to engage with Carrillo as a part of the investigation into the allegations against him. We find nothing clearly untenable or unreasonable with admitting the video. *Nelson*, 791 N.W.2d at 419.

Carrillo argues no foundation was provided to support the detective's status as an expert witness. The record does not reveal that the detective ever presented herself as an expert, nor did the prosecutor. It is true that there is "a real danger the jury will be unfairly influenced by [a government] agency finding, which gives the 'imprimatur' of a purportedly unbiased state agency on a conclusion." *State v. Huston*, 825 N.W.2d 531, 537–38 (Iowa 2013) (altered for readability). But, statements made by a detective during an investigation are explicitly targeted at obtaining information. That common knowledge couples with the jury instructions, which instructed jurors they were to determine the credibility of witnesses, and we find nothing clearly untenable or unreasonable with admitting the detective's statements. *Nelson*, 791 N.W.2d at 419.

Carrillo also targets a question posed to him during the interview that was shown to the jury on the video. The detective asked, "What do you think should happen to adults who touch little children?" Carrillo insists that the question led the jury to improperly consider what punishment may ultimately be imposed upon his conviction. "The issue of punishment is not for the jury to consider or speculate about and knowledge about punishment can serve to confuse or distract the jury." *State v. Hanes*, 790 N.W.2d 545, 549 (Iowa 2010). The detective's question was posted to elicit information from Carrillo and was not presented to the jury for the purpose of confusion or to distract from the issues of the trial. The video had one consistent setting and the purpose of the interview was to obtain information. Furthermore, jury instruction number five told the jurors that, "The duty of the jury is to determine if the defendant is guilty or not guilty. In the event of a guilty verdict, you have nothing to do with the punishment." Again, we find nothing clearly untenable or unreasonable with admitting the detective's question on the video. *Nelson*, 791 N.W.2d at 419. Having found none of the district court's findings related to admission of the video interview clearly untenable or unreasonable, no abuse of discretion resulted. *Id.*

## IV. Conclusion

We have no authority to consider Carrillo's ineffective-assistance claims. The evidence presented at trial was sufficient to convince a rational jury of Carrillo's guilt. There is nothing clearly untenable or unreasonable with the district court's evidentiary determinations leading to the admission of the video interview, and we find no abuse of discretion.

**AFFIRMED.**