# IN THE COURT OF APPEALS OF IOWA

No. 16-0448
Filed January 11, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**UNDRAY J. REED,**
      Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.


A defendant challenges his conviction for enhanced domestic-abuse assault, alleging his trial counsel was ineffective. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**TABOR, Presiding Judge.**

After hearing testimony that Undray Reed threw an electric fan at his mother, then punched and head-butted her, a jury convicted him of domestic-abuse assault causing bodily injury. The district court enhanced the assault to an aggravated misdemeanor after Reed admitted to a previous domestic-abuse conviction. On appeal, Reed complains his trial counsel was ineffective in handling his prior convictions for impeachment purposes under Iowa Rule of Evidence 5.609(a). Because the record is inadequate to decide the question of counsel's effectiveness, we affirm Reed's conviction and preserve the impeachment issue for postconviction-relief proceedings.

## I.     Facts and Prior Proceedings

Facing a possible prison sentence in June 2015, Reed and his pit bull, Bossie, moved in with his mother and her fiancé. Reed's mother also owned a dog, a Boston Terrier mix named Chloe. Seeing how his mother disciplined Chloe, Reed was worried about Bossie's care: "I've raised the dog since she was a puppy, and I wanted to leave her in the best possible hands." When Reed confronted his mother about her treatment of Chloe, she told him: "Well, you and your dog can get the fuck out."

According to Reed's mother, he then threw an electric fan at her and punched her in the face. As her fiancé struggled to intervene, Reed head-butted his mother. Reed claimed he was acting in self-defense after his mother grabbed the front of his shirt. Reed also claimed his mother threw a lamp at him. Police responded to the scene and arrested Reed. Reed's mother suffered swelling to her head.

The State charged Reed with domestic-abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(3)(b) (2015), alleging he had been previously convicted of domestic abuse in 2005. He stood trial before a jury in September 2015. The State presented testimony from Reed's mother, her fiancé, and two police officers. Reed testified in his own defense. After one hour of deliberation, the jury returned a verdict of guilty. Reed admitted to a prior domestic-abuse conviction and received a prison sentence not to exceed two years. Reed now appeals, challenging the performance of his trial counsel.

## II.     Standard and Appropriateness for Review

We review claims concerning the effective assistance of counsel de novo. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). Generally, we preserve such claims to be heard at postconviction-relief proceedings. *See id.* We will do so regardless of our estimation of the claim's "potential viability." *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). We only address a claim challenging counsel's performance on direct appeal if development of the factual record would not be useful to our resolution. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

## III.     Analysis

Reed argues his trial counsel was constitutionally remiss in not objecting to the State's use of prior convictions under rule 5.609(a) to impeach his testimony. The convictions included a felony drug offense as well as burglary and theft offenses. To succeed on his ineffective-assistance claim, Reed must show both: (1) his counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The prosecutor took up the issue with the court before Reed's testimony, explaining:

> There's impeachment evidence that the State would at this point like to move the court to either make a ruling on whether this will be admissible impeachment evidence in this particular case.
>
> Defendant's criminal history indicates that he has a conviction of a theft back in 2007. That he does have three convictions of burglary third degree in 2009, and that he also has— and the burglary is breaking into a vehicle to commit a theft. And he also has felony conviction for a possession of controlled substance third or subsequent offense in 2009.
>
> The State believes that if the defendant were to take the stand that this testimony of [these] convictions or impeachment evidence will be probative in this particular case and that they should be admitted—or the State should be allowed to impeach the defendant by this evidence and that this is allowable under rule 5.609 of the Iowa criminal rules of evidence in this particular case.

Defense counsel did not argue the prior offenses were inadmissible, instead providing this response:

> [T]he rule, as I understand it, is that [the State] can talk about a prior felony conviction if it's within the last ten years and also crimes of dishonesty whether or not they are a felony. I do believe that the theft and the burglary could be talked about as impeachment because it was a theft into a motor vehicle.
>
> Felony possession. It is a felony, so he can bring it up. I just question whether or not he can get into the issue of what kind of felony it is. I would ask that it be limited to just simply that he has a conviction for a felony, and then on the other two cases obviously would ask that he not get into any details about those crimes either.

The court allowed the impeachment, ruling as follows:

> Well, understanding that the defense does not object to use of those offenses for impeachment purposes, I will allow the State to ask the defendant whether or not he has been convicted of a felony offense without mentioning the fact that the felony was a drug offense or possession of drug third offense and that the State may also, then, inquire of the defendant with regard to the theft and the burglary convictions.

During Reed's cross examination, the State briefly asked him about a theft conviction in 2007, three car burglaries in 2009, and a felony conviction in 2009. Defense counsel played down Reed's impeachment in his closing argument, telling the jury:

> Everybody involved in this case . . . has a criminal history . . . so if you want to consider that in determining whether someone is telling the truth, go right ahead, but I will tell you that what you need to look at in this case are the pictures and decide whether or not these pictures are consistent with what people are telling you and the story of all this and how it came about.

On appeal, Reed bifurcates his ineffective-assistance claim, alleging (1) trial counsel failed to object to the admission of Reed's felony drug conviction without any regard for its probative value or prejudicial effect under rule 5.609(a)(1) and (2) trial counsel failed to make any argument that burglary and theft are not crimes of dishonesty permitting automatic admission under rule 5.609(a)(2). We will address each of those claims in turn.

We start with the language of rule 5.609(a), which states:

> For the purpose of attacking the credibility of a witness:
> (1) Evidence that a witness other than the accused has been convicted of a crime shall be admitted, subject to rule 5.403, if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> (2) Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

The impeachment rule also includes a time limitation:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement

imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Iowa R. Evid. 5.609(b).

**Felony Drug Conviction.** Reed first argues his felony drug conviction was six years old and had little bearing on his veracity. *See State v. Parker*, 747 N.W.2d 196, 208 (Iowa 2008) (distinguishing drug offenses from crimes found to be probative of credibility). He acknowledges the court shielded the jurors from learning his felony conviction involved drugs but contends he was prejudiced by the jurors hearing he was a felon. *See* Iowa R. Evid. 5.609(a)(1). Reed argues given inconsistencies in the testimony about the fight, it is likely the jurors considered his felony conviction in assessing credibility and reaching a guilty verdict.

The State acknowledges trial counsel "could have objected to the admission of the felony drug conviction as impeachment" but contends counsel's failure to do so did not amount to a breach of duty resulting in prejudice because the jury learned from Reed's direct examination he was facing a prison sentence. The State contends counsel acted reasonably in conceding the admissibility of the felony drug conviction because counsel "likely determined" if asked to do the balancing under rule 5.609(a), the court would have found the probative value of the evidence outweighed its prejudicial effect.

We conclude additional factual record, providing trial counsel an opportunity to address the impeachment issue, is necessary before deciding whether counsel's concession regarding the admissibility of Reed's felony

conviction amounted to a breach of duty resulting in prejudice. *See State v. Barnes*, 791 N.W.2d 817, 826 (Iowa 2010). Accordingly, we preserve this claim of ineffective assistance of counsel for postconviction proceedings.

**Theft and Burglary Convictions.** Reed next claims trial counsel should have objected to the admission of Reed's burglary and theft convictions as not involving "crimes of dishonesty." In *State v. Harrington*, our supreme court held rule 5.609(a)(2) "gives the district court no discretion to exclude a witness's prior conviction if it involves dishonesty or false statement. Prior convictions that involve dishonesty or false statement are automatically admissible for impeachment purposes." 800 N.W.2d 46, 51 (Iowa 2011). The court further stated: "It has been settled law in this state that convictions for theft and burglary with intent to commit theft are crimes of dishonesty." *Id.*

But it is the footnote that the *Harrington* court attached to its "settled law" statement that motivates Reed's ineffective-assistance claim. The court noted its awareness "that our longstanding construction of the term 'dishonesty' is derived from common law cases predating our adoption of the Iowa Rules of Evidence in 1983." *Id.* at 52 n.4. The court discussed the corresponding federal rule of evidence, and observed: "Many federal and state courts have wrestled with and reached different results as to whether theft and burglary convictions are crimes that per se 'involve dishonesty or false statement' under the framework of Federal Rule of Evidence 609 and corresponding state rules." *Id.* The court reserved "this potential issue for a case where it is properly argued."

Accepting that "open invitation," Reed asked our supreme court to retain this case to consider "changing legal principles" concerning what constitutes a

"crime of dishonesty" for purposes of rule 5.609(a)(2) and extensively briefed the federal and state case law supporting a narrower interpretation of what prior convictions are admissible as involving dishonesty or false statements. But the supreme court transferred Reed's case to our court.

The question before us is whether Reed's trial counsel breached a material duty by not raising the issue footnoted in *Harrington*. We don't require counsel to be a "crystal gazer"—able to predict future changes in established law—to provide effective assistance. *See State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999). Instead, we require counsel to use due diligence in deciding whether an issue is "worth raising." *See Millam v. State*, 745 N.W.2d 719, 723 (Iowa 2008). In determining whether counsel's failure to raise an issue constituted a breach of duty, we consider: (1) whether Iowa case law foreclosed the argument and (2) whether case law from other jurisdictions supported the defendant's position. *See State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982).

In *State v. Cobbins*, No. 12-0857, 2013 WL 64015461, at *8 (Iowa Ct. App. Dec. 5, 2013), we decided reasonable criminal defense attorneys would have considered admissibility to be "worth raising" for certain prior theft convictions given the split in authority from other jurisdictions and the *Harrington* footnote indicating our supreme court may be receptive to revisiting the issue. We follow that same path here. Our record does not show the nature of the theft or burglaries previously committed by Reed. Accordingly, we affirm Reed's conviction but preserve this issue for postconviction proceedings to determine if

counsel breached a material duty in handling the impeachment issue and whether that breach resulted in prejudice to Reed's case.

**AFFIRMED.**